James H. KEENER and Xtreme
Construction, Inc., Plaintiffs
Below, Appellants,

v.

Paul ISKEN and Joan Isken,
Defendants Below,
Appellees.

No. 609, 2011.

Supreme Court of Delaware.

Submitted: Nov. 7, 2012.
Decided: Jan. 2, 2013.

Lawrence Lee Wentz, Esquire, Wilmington, Delaware for Appellants.

Sean T. O'Kelly, Esquire and Ryan M. Ernst, Esquire, O'Kelly Ernst Bielli & Wallen, LLC, Wilmington, Delaware for Appellees.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

BERGER, Justice:

In this appeal, we consider whether the Superior Court abused its discretion in refusing to reopen a summary judgment entered against appellants after they missed the deadline for filing a response to appellees' motion. Appellants mistakenly believed that they had 20 additional days to respond because appellees filed supplemental materials two weeks after filing their motion. The trial court apparently accepted the fact that appellants had made a mistake, but refused to reopen the case because appellants were unable to justify their mistake. We conclude that the trial court failed to give adequate weight to the policy in favor of deciding cases on the merits, and reverse.

### Factual and Procedural Background

On May 9, 2011, James H. Keener and his company, Xtreme Construction, Inc., (collectively, Keener) filed this action against Paul and Joan Isken. The complaint alleges that Keener was hired by the Iskens to work as the general contractor on renovations to the Iskens' home. Keener allegedly worked on this project from November 2005 through August 2008. During that time, Keener submitted itemized bills for work performed, but the Iskens refused to pay the bills. The complaint purports to state a claim for breach of contract and tortious interference with contract.

On July 21, 2011, the Iskens filed a motion for summary judgment, arguing that both claims are barred by the applicable statutes of limitations. When filing

their motion, the Iskens inadvertently failed to file the exhibits that should have been attached to Mr. Isken's affidavit. The exhibits were filed on August 11th. The motion was scheduled to be heard on August 29th, which meant that Keener's response should have been filed no later than August 23rd [1]. Keener did not file a response by that date, and the trial court granted the Iskens' motion for summary judgment on August 25th.

Keener filed a motion for reconsideration on September 2nd. The motion stated that Keener "misapprehended the filing deadline due to receipt of supplemental exhibits on August 11, 2011.... Counsel assumed that the supplemental filing had the effect of extending the responsive pleading deadline by an additional twenty (20) days...." [2] In addition, Keener stated that material facts are in "sharp dispute." [3] With his motion for reconsideration, Keener attempted to file his response to the motion for summary judgment and an affidavit in support of the response. Those documents were rejected by the electronic filing system because the case was listed as "closed."

The trial court heard Keener's motion for reconsideration on October 10th. At the hearing, Keener acknowledged that he could not find a court rule supporting his belief that the Iskens' supplemental filing automatically extended Keener's time to respond. Keener also acknowledged that, if his motion for reconsideration had been filed under Rule 59, it would have to be filed within five days, and that Keener's motion was filed six days after the court's decision. The trial court denied Keener's

motion for reconsideration, finding no excusable neglect and no basis to believe that Keener's claims are not barred by the statute of limitations. This appeal followed.

## Discussion

■ In three other cases decided today,[4] this Court addressed the circumstances that warrant dismissal for failure to adhere to scheduling deadlines. We noted the strong policy in favor of deciding cases on the merits, as well as the importance of maintaining scheduled trial dates. This case presents a slight variation on the same theme. Here, there was no scheduling order that was ignored. The case was only two months old when the Iskens filed a motion for summary judgment in lieu of an answer. But Keener did miss a deadline by failing to file his response to the motion four days before the motion was scheduled to be heard. The trial court held that Keener's mistaken belief that he had 20 additional days within which to file a response was not based on any ambiguity in the rules, and, therefore, was not excusable neglect under Superior Court Rule 60(b). The court also found that Keener had failed to demonstrate that he may have been able to defeat the statute of limitations defense. But the court reached that conclusion by refusing to consider Keener's affidavit.

■ The grounds for relief set forth in Rule 60(b) are liberally construed because of the policy favoring trials on the merits.[5] "[E]xcusable neglect exists if the moving party has valid reasons for the neglect—reasons showing that the neglect may have been the act of a reasonably

---

1. Superior Court New Castle County Civil Case Mgmt. Plan, § IV(A)(3)(b).

2. Appellees' Appendix, B–29.

3. *Id.* at B–30.

4. *Hill v. DuShuttle,* 58 A.3d 403 (Del.2013); *Adams v. Aidoo,* 58 A.3d 410 (Del.2013); and *Christian v. Counseling Resource Associates, Inc.,* —— A.3d —— (Del.2013).

5. *Tsipouras v. Tsipouras,* 677 A.2d 493, 496 (Del.1996).

prudent person under the circumstances."[6] A "mere showing of negligence or carelessness without a valid reason may be deemed insufficient."[7] The court may consider all surrounding circumstances in deciding whether the conduct was excusable.[8]

Keener had a reason for his failure to file the response on time. He thought that he had 20 additional days because of the Iskens' supplemental filing. Keener was wrong, but a person can be reasonably prudent yet still be mistaken. The Iskens filed their supplemental materials approximately 20 days after they filed their motion for summary judgment. Keener could have reasonably believed that their delay gave him the same amount of additional time.

Moreover, the court should consider all surrounding circumstances. Keener filed his motion for reconsideration within a week after the court entered judgment against him. At the same time, he attempted to file his response to the motion for summary judgment and his supporting affidavit. Keener missed the deadline, but the matter could have been ready for a decision on the merits long before the hearing on the motion for reconsideration. In sum, the case was not languishing; Keener's mistake was based on the Iskens' inadvertent failure to include all necessary materials when they filed their motion; and Keener promptly attempted to file the required response and affidavit. We conclude that these factors are sufficient to establish excusable neglect.

 Relief under Rule 60(b), however, requires two additional findings: (1) that the outcome may be different if the motion were heard on the merits; and (2)

that the Iskens would not suffer substantial prejudice.[9] The trial court found no basis to conclude that the outcome may have been different. But the court decided that without considering Keener's response to the motion for summary judgment. The trial court did not address the prejudice prong. We conclude that the trial court should have considered Keener's response and affidavit when deciding whether there was a possibility that the outcome would be different on the merits. Thus, both of these Rule 60(b) requirements will have to be considered on remand.

### Conclusion

Based on the foregoing, the judgment of the Superior Court is reversed and this matter is remanded for further action in accordance with this decision. Jurisdiction is not retained.

---

6. *Dishmon v. Fucci*, 32 A.3d 338, 346 (Del. 2011) (Citations omitted.).

7. *Ibid.*

8. *Ibid.*

9. *Schrader–VanNewkirk v. Daube*, 2012 WL 1952297 (Del.Supr.).