# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHANELL SHONTAY VICKS,    )
    )
       Plaintiff,    )
    )
    v.    )    C.A. No. N16C-01-063 ALR
    )
JUSTISON LANDING    )
APARTMENTS A/K/A    )
RESIDENCES AT JUSTISON    )
LANDING,    )
    )
       Defendant.    )

## ORDER

### *Upon Defendant's Motion to Dismiss with Prejudice*
### GRANTED

Date Submitted: April 11, 2016
Date Decided: April 28, 2016

Upon consideration of the motion to dismiss with prejudice filed by Defendant Justison Landing Apartments a/k/a Residences at Justison Landing; the facts, arguments and legal authorities set forth by Defendant; decisional precedent; and the record of this case, the Court finds as follows:

1. On January 11, 2016, Plaintiff Shanell Shontay Vicks filed a complaint against Defendant claiming that Defendant was negligent in its care of the premises at the Justison Landing Apartments ("Apartments") while Plaintiff was a resident. Plaintiff alleges that on January 10, 2014, Plaintiff slipped and fell on ice outside the Apartments and, as a result, suffered physical injuries.

2. On March 3, 2016, Defendant filed a motion to dismiss. On March 9, 2016, this Court sent a letter to Plaintiff providing that Plaintiff had until April 11, 2016 to file a response to Defendant's motion to dismiss. To date, Plaintiff has not filed a response.

3. A motion to dismiss must be decided solely upon the allegations set forth in the complaint.[1] The Court shall accept all well-pleaded allegations as true and make all reasonable inferences in favor of the non-moving party.[2] Factual allegations, even if vague, are well-pleaded if they provide notice of the claim to the other party.[3] The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[4]

4. Section 8119 under Title 10 of the Delaware Code ("Section 8119") unambiguously provides a two year statute of limitations for personal injury claims.[5] Specifically, Section 8119 provides: "No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained[.]"[6]

---

[1] *Am. Bottling Co. v. Crescent/Mach I Partners, L.P.*, 2009 WL 3290729, at *2 (Del. Super. Sept. 30, 2009).
[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978); *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).
[3] *Spence*, 396 A.2d at 968.
[4] *Id.*
[5] 10 *Del. C.* § 8119.
[6] *Id.*

5. Plaintiff sustained her alleged injuries on January 10, 2014. Plaintiff did not commence this action until January 11, 2016.[7] There is no reason to otherwise equitably toll the statute of limitations. Accordingly, although Plaintiff's complaint was filed only one day after the statute of limitations, it was nevertheless filed outside the applicable statute of limitations and is untimely.

6. While this Court is cognizant of the public policy favoring resolution of cases on their merits,[8] and that dismissing a claim that has been filed only one day after the statute of limitations may be harsh,[9] the Court is satisfied that even if this matter were to proceed, Plaintiff's claims have no merit under the Continuing Storm Doctrine. Specifically, at the time that Plaintiff suffered her alleged injuries,

---

[7] Although Defendant argues that Plaintiff did not file her complaint until January 21, 2016, the record establishes that Plaintiff's complaint was not *docketed* until January 21, 2016; however, Plaintiff filed her complaint on January 11, 2016. Further, although Defendant argues that this matter should also be dismissed because Plaintiff has sued a nonexistent entity, the Court is satisfied that even if Plaintiff incorrectly identified Defendant, Defendant had sufficient notice of Plaintiff's claims and that misnaming Defendant would be insufficient to dismiss Plaintiff's action under these circumstances. *See* Super. Ct. Civ. R. 17 ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.").
[8] *See Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013) (noting the public policy favoring trials on the merits); *see also Waterhouse v. Hollingsworth*, 2013 WL 5803136, at *3 (Del. Super. Oct. 10, 2013) ("Delaware has a strong public policy favoring resolution of cases on their merits.").
[9] *See Wilson v. King*, 673 A.2d 1228, 1231 (Del. Super. 1996) ("[S]tatutes of limitations are to be strictly construed because the General Assembly has evinced its intent to bar claims filed after the stated time[.]"); *Bivens v. Mattero*, 2004 WL 1732213, at *2 (Del. Super. July 30, 2004) ("[S]tatutes of limitations are generally to be strictly construed[.]").

Defendant did not owe Plaintiff any duty to remove snow or ice at the Apartments because a winter storm was ongoing.[10]

7.    Accordingly, because Plaintiff's claims are time-barred and Plaintiff cannot succeed on the merits of her claims, Defendant's motion to dismiss with prejudice must be granted.[11]

**NOW, THEREFORE, this 28th day of April, 2016, Defendant's Motion to Dismiss with Prejudice is hereby GRANTED.    This case is hereby DISMISSED WITH PREJUDICE, each party to bear its own costs.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[10] *See Demby v. Delaware Racing Ass'n*, 2016 WL 399136, at *1 (Del. Super. Jan. 28, 2016) (internal citations omitted)("'[A]s a matter of law, . . . a landowner engages in 'reasonable conduct' by waiting until the end of the storm before commencing snow removal operations.'  In other words, 'a business establishment . . . is permitted to await the end of the storm and a reasonable time thereafter to remove ice and snow from an outdoor entrance walk, platform, or steps.' . . . [T]he Delaware Supreme Court affirmed this Court's holding that 'a landowner has no legal duty to begin ice removal until precipitation has stopped, regardless of the severity of the storm.'").

[11] *See, e.g.*, *Maddox v. Collins*, 2015 WL 5786349, at *2 (Del. Super. Oct. 5, 2015) (noting that the matter must be dismissed with prejudice where, *inter alia*, the complaint was time-barred by the statute of limitations); *Airport Bus. Ctr. V LLLP v. Sun Nat. Bank*, 2012 WL 1413690, at *1 (Del. Super. Mar. 6, 2012) (same).