IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DANNY A. VALENTINE-SHABAZZ,

    Plaintiff,

v.

CHRISTOPHER BRUCE,

    Defendant.

)
)
)
)
)
)
)
)
)
)

C.A. No. N20C-01-173 CEB

## ORDER

This 12th day of June 2020, upon consideration of a motion filed by Defendant Christopher Bruce to dismiss the Complaint, it appears that:

1. Danny A. Valentine-Shabazz ("Plaintiff") has filed a "complaint" in this court *pro se.* The document under review says it is a "complaint" but is actually a three-page, single spaced document that uses a lot of words that do not necessarily go together. It mentions Former Vice President Joe Biden, Governor Carney, and Snoop Dogg, to name a few. Other phrases include "breach of NDA, illegal communications, distribution of content, deceptive trade practices, theft of systems and methods, intellectual property fraud and collusion."[1] A few more people are named, and the Complaint goes on to explain that "these guys used laser beam technology to wire this system up to my spinal cord and head." Plaintiff would like

---

[1] Complaint. D.I. 1.

an injunction to force the Defendant, and one supposes these others, to remove these systems from a business property that Plaintiff allegedly leases.

2. The Defendant first moved for a more definite statement of the Complaint, noting that the Complaint, as filed, lacks all the formalities of Del. Super. Ct. R. 10(b). Before further disputations over whether the Complaint was in proper form, Defendant moved to dismiss pursuant to Del. R. Civ. P. Rule12 (b)(5) and (6) as well as Del. Super. Ct. Civ. R. 4 (f)(1)(I) for insufficiency of process. Defendant specifically claims that Plaintiff has not indicated what information was covered by the NDA and how it was disclosed. Nor does the Complaint allow Defendant to properly understand the allegations against him so that he can construct a meaningful defense.

3. Defendant also argues that service was not properly effected. Defendant, an individual, was not personally served at his "usual place of abode." Rather, the "Complaint" was served on an individual at a business located at 727 N. Market Street but not an agent appointed to receive service on Defendant's behalf.[2]

4. Even vague allegations in a complaint may survive a motion to dismiss if they give the opposing party notice of the claim.[3] But to survive a motion to

---

[2] Motion. D.I. 12.

[3] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011) (discussing the standard for a motion to dismiss).

2

dismiss, a plaintiff must plead sufficient facts that under conceivable set of circumstances show that plaintiff could recover.[4]

5.      Ever mindful of the Court's duty to keep the courthouse door open to the *pro se* litigant, the Court is also mindful of the unfairness of requiring Defendant to expend substantial counsel fees just to understand the Complaint.[5] This is a case in which the scales balance quite clearly in favor of dismissal.   Plaintiff has not explained any facts or legal theory that would entitle Plaintiff to relief.  Indeed, the Complaint is indecipherable.   Rather, it is a rambling catalog of conclusory statements that do not serve notice to the Defendant of a specific, legally cognizable cause of action.

6.      As it relates to service of process, Plaintiff states that Defendant has been seen at 727 N. Market Street since the filing of the Complaint. It appears to the Court that 727 N. Market Street is a location where Plaintiff and Defendant have office space.   There is no showing that it is Defendant's home.   To the extent someone at 727 N. Market Street received service of process, there is no evidence that it was the Defendant or his agent. The Complaint is dismissed for this reason as well.

---

[4] *Id.*

[5] *See, e.g., Keener v. Isken,* 58 A.3d 407, 409 (Del. 2013) (noting the Court's "strong policy in favor of deciding cases on the merits").

3

For the above reasons, the motion to dismiss is hereby **GRANTED**.

**IT IS SO ORDERED**.

Judge Charles E. Butler