# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KERI CUNNINGHAM, Individually )
and as Administratrix of the ESTATE )
OF LEON CUNNINGHAM, JR., )
KEITH CUNNINGHAM and KEVIN )
CUNNINGHAM, )
                       )
         Plaintiffs, )       C.A. NO. N18C-11-083 ALR
                       )
            v. )
                       )
CHRISTIANA CARE HEALTH )
SERVICES, INC., DELAWARE )
CLINICAL & LABORATORY )
PHYSICIANS, P.A., RANDI )
LAPOINT, M.D., MARY )
IACOCCA, M.D., and MICHAEL )
KANZER, M.D., )
                       )
         Defendants. )

Submitted: January 12, 2021
Decided: January 20, 2021

## <u>ORDER OF DISMISSAL PURSUANT TO RULE 41(e)</u>

In consideration of the submissions of the Defendants, oral argument presented on September 18, 2020 and December 1, 2020, the Delaware Rules of Civil Procedure, decisional law, and the entire record in this case, the Court finds as follows:

1. This medical malpractice action was filed November 9, 2018. The complaint was amended on or about April 8, 2019.

2. Plaintiffs' counsel filed a motion to withdraw as counsel on June 19, 2020. A hearing was scheduled for September 18, 2020 via CourtScribes on the Zoom platform. All three plaintiffs were given notice, but none responded to the motion or participated in the hearing.

3. The Court declined to permit withdrawal at that time and ordered additional efforts to engage plaintiffs. The Court also ordered the parties to participate in alternative dispute resolution.

4. Mediation took place. Plaintiff Kevin Cunningham did not appear for the mediation. Plaintiffs Keri Cunningham and Keith Cunningham appeared for mediation.

5. After mediation, Plaintiffs Keri Cunningham and Keith Cunningham stipulated to a dismissal of their claims. A stipulation of partial dismissal was submitted and an Order of partial dismissal of the claims of Plaintiffs Keri Cunningham and Keith Cunningham was entered on November 10, 2020.

6. Plaintiffs' counsel renewed the motion to withdraw on behalf of Plaintiff Kevin Cunningham. On December 1, 2020, the motion to withdraw as counsel for Plaintiff Kevin Cunningham was heard by the Court via CourtScribes on the Zoom platform. Plaintiff Kevin Cunningham was given notice of the hearing by mail, e-mail and text message. Efforts were also made by plaintiffs' counsel to notify Plaintiff Kevin Cunningham by telephone, and to give him instructions for

2

the hearing by telephone or via Zoom. Plaintiff Kevin Cunningham did not respond to the motion, participate in the hearing or contact the Court or counsel.

7. Defendants appeared through counsel. Defendants did not object to the motion to withdraw but requested suspension of the Amended Trial Scheduling Order issued November 10, 2020 and requested that a deadline be provided by the Court for Plaintiff Kevin Cunningham to take steps to diligently prosecute this action.

8. By Order dated December 1, 2020, the motion to withdraw as counsel for Plaintiff Kevin Cunningham was granted; all deadlines set forth in the Amended Trial Scheduling Order issued November 10, 2020 were vacated; and Plaintiff Kevin Cunningham was provided a deadline of January 8, 2021 to notify the Court whether he would prosecute this action as a self-represented litigant or that counsel would appear on his behalf.

9. Also by Order dated December 1, 2020, pursuant to Rule 41(e), the Court gave notice to Plaintiff Kevin Cunningham that this action was subject to dismissal for failure to prosecute if Plaintiff Kevin Cunningham failed to contact the Court by January 8, 2021.

10. A copy of the Court's December 1, 2020 Order was sent to Mr. Cunningham by his former attorneys.

11.     Plaintiff Kevin Cunningham has not contacted the Court in any manner and has not submitted any pleadings or notices for docketing.  Counsel has not appeared on behalf of Plaintiff Kevin Cunningham.

12.     The Court is mindful of the strong policy in favor of deciding cases on the merits as opposed to technical grounds.[1]  Nevertheless, decisional law supports dismissal of this action for failure to prosecute.[2]  Moreover, the Court has provided ample opportunity for Plaintiff Kevin Cunningham, a self-represented litigant, to be heard.[3]

**NOW, THEREFORE, this 20ᵗʰ day of January 2021, the Court having provided notice to Plaintiff Kevin Cunningham that this action would be dismissed for failure to diligently prosecute if he did not notify the Court that he intended to proceed as a self-represented litigant or to retain counsel; and**

[1] *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013).

[2] *See Alston v. Maahs*, 2019 WL 1220932 (Del. Mar. 14, 2019) (TABLE) (concluding that the Superior Court did not abuse its discretion by dismissing the self-represented litigant's action for failure to prosecute); *Gebhart v. Ernest DiSabatino & Sons, Inc.*, 264 A.2d 157 (Del. 1970) (finding the Superior Court's dismissal of the action was "within the permissible range of the Court's discretion" after court orders "were persistently and repeatedly ignored").

[3] The Court has been mindful that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances. *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015) (TABLE).  It is well-settled that a self-represented litigant should be granted more leniency in articulating arguments in support of his or her claim, affording the litigant an opportunity to be fully and fairly heard. *Jackson v. Unemployment Ins. Appeal Bd.*, 1986 WL 11546, at *2 (Del. Super. Sept. 24, 1986) (stating the Court may give a self-represented litigant leniency to allow the case to be "fully and fairly heard").

**no action was having been taken by Plaintiff Kevin Cunningham, this action is hereby DISMISSED pursuant to Rule 41(e) of the Superior Court Civil Rules of Procedure.  Each party shall bear its own costs.**

      **IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
The Honorable Andrea L. Rocanelli


cc:    All counsel of record
           via File & Serve
      Mr. Kevin Cunningham
           via U.S.P.S. at 210 Allegheny Lane, Enterprise, AL 36330