## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

BONNIE SCHNEIDER,                     )
                                      )
      **Plaintiff,**                   )
                                        )
      **v.**                           )    **Case No. CPU4-20-003550**
                                        )
AMERICAN CAR WASH, INC.,              )
                                        )
      **Defendant.**                   )

**Submitted:** **February 22, 2021**
**Decided:** **March 11, 2021**

Bonnie Schneider
151 SE 1st Street, Unit 2406
Miami, FL 33131

James H. Edwards, Esquire
331 Springhouse Lane
Hockessin, DE 19707

## LETTER OPINION ON DEFENDANT'S MOTION TO DISMISS

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Bonnie Schneider ("Schneider") filed this Justice of the Peace Court appeal against American Car wash, Inc. ("American") after a final decision of the Justice of the Peace Court on December 1, 2020. On Appeal, Schneider alleges the following facts.

In December 2018, American, by way of consignment, took possession of a 2006 Jeep Commander ("Jeep"). In June of 2018, American sold the Jeep to a Ms. Elliott. Sometime after the purchase, Ms. Elliott became dissatisfied with the Jeep and returned the Jeep to American. American took possession of the Jeep but failed to remove the temporary plate issued to Ms. Elliott. American then sold the Jeep to a Mr. Sutton. After the sale of the Jeep, American continued to

possess the Jeep because Mr. Sutton could not provide proof of insurance. Thereafter, American did not comply with the state law that requires a bill of sale to be completed and retained prior to the sale of the Jeep. Instead, American gave Mr. Sutton a key to the Jeep.

In July of 2018, Mr. Sutton, or someone else, drove the vehicle into Schneider's Cadillac Escalade in Miami, Florida. The driver of the Jeep fled the scene. The Jeep was still registered to Ms. Elliott and no insurance existed on the Jeep. Shortly after the accident, Mr. Sutton called American's sales agent and informed him that the Jeep had been in an accident.

Schneider argues that American has breached its duty of care by providing the keys to the Jeep to Mr. Sutton. Schneider seeks $15,522.19 for the damages sustained to her car, court cost and interest.

On December 16, 2020, Schneider filed her appeal with this Court. Simultaneously Schneider filed her notice of appeal with the Justice of the Peace Court.[1] On January 6, 2021, American filed a Motion to Dismiss. In its motion, American argues that this Court does not have jurisdiction over this matter because Schneider failed to file a notice of appeal with the Justice of the Peace Court pursuant to the Court of Common Pleas Civil Rule 72.3(e).

On February 22, 2021, this court held a motion hearing on American's motion to dismiss. At the conclusion of the hearing, this Court reserved decision in this matter. On February 24, 2021, American submitted a supplemental letter to this Court explaining that it could not find that Schneider timely filed her notice of appeal with the Justice of the Peace Court. This is the Court's final decision on American's motion to dismiss.

---

[1] Schneider's filed notice of appeal with the Justice of the Peace Court was not docketed until February 17, 2021.

DISCUSSION

American argues that Schneider failed to comply with the Court of Common Pleas Civil Rule 72.3(e) which required Schneider to file notice with the Justice of the Peace Court within 10-days of filing an appeal with this Court. As Schneider's notice of appeal is time stamped on the same date as her appeal with this Court—December 16, 2020—this Court finds that Schneider's notice of appeal meets the requirement of Rule 72.3(e). Schneider's timely filing of her notice of appeal with the Justice of the Peace Court is evident in the Justice of the Peace Court's docket entry on February 17, 2021.

Therefore, this Court disagrees with American's assertion and American's motion to dismiss should be denied; however, even if Schneider failed to meet the filing requirement of Rule 72.3(e), American's motion should still be denied because this Court finds that Rule 72.3(e) is not jurisdictional and therefore does not bar Schneider's appeal.

Jurisdiction of this Court on appeals from the Justice of the Peace Court is governed by 10 Del. C. § 9571.[2] Subsection (a) provides for appeals as of right to the Court of Common Pleas from any final judgment of the Justice of the Peace.[3] Subsection (b) provides that the appeal shall be taken within fifteen (15) days of the final judgment. Moreover, subsection (d) provides that "[t]he Court of Common Pleas shall establish appeal procedures . . . ."[4] Court of Common Pleas Civil Rule 72.3(e) states,

> [r]ecord; stay, -- The appellant shall, within 10 calendar days, file a notice of appeal with the Justice of the Peace Court to stay the record. The record on appeal shall constitute the record below as of the time of the filing of the notice of appeal. There shall be no stay of execution or other proceedings below unless ordered by this Court pursuant to Rule 62(c).[5]

---

[2] 10 Del. C. § 9571
[3] 10 Del. C. § 9571 (a).
[4] 10 Del. C. § 9571 (b), (d).
[5] Ct. Com. Pl. Civ. R. 72.3(e).

In *Deysher v. Mid-Atlantic Systems of DPN, Inc.*[6] this Court determined Rule 72.3(e) is a rule enacted in response to 10 Del. C. Section 9571(d).[7] The *Deysher*, court determined that failure to comply with Rule 72.3 divests the Court of Common Pleas of subject matter jurisdiction to entertain an appeal from the Justice of the Peace Court.[8]

The Court of Common Pleas revisited the issue in *Butler v. Davis*.[9] In *Butler*, the court determined that the primary objective of Rule 72.3(e) is to "stay execution or other proceedings in the lower court."[10] The court explained that "failure to comply with the Court's time requirements to file a notice of appeal with the Justice of the Peace Court under Rule 72.3(e) 'to stay the record' does not divest the Court of jurisdiction to hear the appeal.[11] If Rule 72.3(e) is not followed, the record in Justice of the Peace Court is "not stayed."[12] Therefore, failure to comply with the 10-day rule is not definitively a jurisdictional bar.[13] Moreover, unlike a statutory time limitation which vests or divests a Court of jurisdiction, Court rules can be waived or amended without legislative intervention.[14]

In *Butler*, the appellant's notice of appeal was timely filed with the Justice of the Peace Court pursuant to Rule 72.3(e).[15] The appellant there filed her notice of appeal with this Court on October 7, 2015 and a copy of the notice of appeal was filed on October 16, 2015 – which was

---

[6] *Deysher v. Mid-Atlantic Systems of DPN, Inc.*, 2011 WL 6946969, *2 (Ct. Com. Pl. Dec. 20, 2011)

[7] *Deysher v. Mid-Atlantic Systems of DPN, Inc.*, 2011 WL 6946969, *2 (Ct. Com. Pl. Dec. 20, 2011); *see also Hall v. Sussex Pine Country Club, Inc.* 2013 WL 109484, *1 (Ct. Com. Pl. Mar. 7, 2013).

[8] *Id.* (referring to all Rule 72.3 subsections).

[9] *Butler v Davis*, 2016 WL 3144556, * 2 (Ct. Com. Pl. Mar. 10, 2016).

[10] *Malinowski v. Pulte Group Incorporated*, 2014 WL 12684745, *2 (Ct. Com. Pl. Jan. 29, 2014).

[11] *Butler v Davis*, 2016 WL 3144556, * 2 (Ct. Com. Pl. Mar. 10, 2016).

[12] *Id.*

[13] *Malinowski v. Pulte Group Incorporated*, 2014 WL 12684745, * 2 (Ct. Com. Pl. Jan. 29, 2014).

[14] *Schwalm v. Zachrais Const.*, 2002 WL 596808 *4 (Ct. Com. Pl. Feb. 7, 2002) (citing 10 Del. C. § 1307).

[15] *Butler v Davis*, 2016 WL 3144556 * 2 (Ct. Com. Pl. Mar. 10, 2016); but see *Deysher v. Mid-Atlantic Systems of DPN, Inc.*, 2011 WL 6946969, *2 (Ct. Com. Pl. Dec. 20, 2011) (analyzing not whether the appeal was timely filed with the Court of Common Pleas, but whether the appeal complied with Rules 72.3(c), (f) and (e)).

4

well within the 10-day period required by Rule 72.3(e).[16] In *Butler*, the court decided that appellee's contention that the appeal should be dismissed for failure to timely file notice with the Justice of the Peace Court was clearly meritless.[17]

The facts before this Court are very similar to those in *Butler*. As described in American's February 25, 2021 letter, Ms. Schneider timely filed her appeal with the Court of Common Pleas on December 16, 2020 – and American does not dispute this fact. American's soul argument in its motion to dismiss is that Ms. Schneider has failed to comply with the Rule 72.3(e) requirement to file notice with Justice of the Peace Court within 10-days. American explains that because Ms. Schneider filed her appeal with the Court of Common Pleas on December 16, 2020, that Ms. Schneider's timely notice of appeal with the Justice of the Peace Court would be required to be filed within 10-days from December 16, 2020.

Ms. Schneider did in fact timely file her notice of appeal with the Justice of the Peace Court.[18] As discussed above, Ms. Schneider's notice of appeal was filed on the same day that she filed her appeal with this Court. Moreover, if in fact Schneider did fail to meet the requirement of Rule 72.3(e), it would simply mean that the record in the Justice of the Peace Court was not stayed, not that this court lacks jurisdiction to hear Schneider's appeal. Therefore, American's argument that this case should be dismissed for lack of jurisdiction due to failure to comply with Rule 72.3(e) is without merit and should be denied. In doing so this court abides by the long-standing policy of this State that cases be determined on their merits.[19]

---

[16] *Butler v Davis*, 2016 WL 3144556 * 2 (Ct. Com. Pl. Mar. 10, 2016) (explaining the Court's analysis of Civil Rule 6(a) as related to timely filing.

[17] *Id.*

[18] The Justice of the Peace Court docket under "NOTICE REQUEST CERT COPY JUDGM" includes Schneider's filed notice of appeal which was date stamped by the Court on December 16, 2020.

[19] *Hall v. Sussex Pine Country Club, Inc.* 2013 WL 109484, * 2 (Ct. Com. Pl. Mar. 7, 2013) (citing *Keener v. Isken*, 58 A.3d 407 (Del. 2013).

## CONCLUSION

For the foregoing reasons upon consideration of Defendant's motion to dismiss and the arguments heard during the February 22, 2021 motion hearing, **IT IS HEREBY ORDERED** Defendants motion to dismiss be **DENIED**. A civil pre-trial conference shall be scheduled in this matter.

**IT IS SO ORDERED**, this 11th day of March 2021.

The Honorable Carl C. Danberg
Judge

cc:    Patricia Thomas, Judicial Case Manager