**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MAHOGANNE SOUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N21C-11-166 SPL |
| | ) | |
| THEODORE DROZDOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This 14th day of November 2024, upon consideration of Defendant Theodore Drozdowski's ("Drozdowski") Motion for Summary Judgment,[1] Plaintiff Mahoganne Soul's ("Soul") response,[2] Drozdowski's reply,[3] and the parties' oral arguments, it appears to the Court that:

**BACKGROUND**

1.     Soul alleges that on November 27, 2019, Drozdowski's dogs ran at large and attacked her.[4]  Soul contends that the dogs jostled her back and forth, causing injury to her right shoulder.[5]  Soul presented to her doctor with complaints

---

[1] Docket Item ("D.I.") 37.

[2] D.I. 40.

[3] D.I. 41.

[4] D.I. 3 ("Amend. Compl.") ¶ 4.

[5] D.I. 38, Exh. B, Soul Dep., at 36:19, 37:2.

of right shoulder pain approximately two months after the incident.[6]  On November 6, 2020, Soul underwent right shoulder surgery for injuries she claims were caused by the incident with Drozdowski's dogs.[7]

2.     In November of 2021, Soul filed a complaint alleging that Drozdowski's negligence proximately caused her physical injury.[8]  Drozdowski answered the complaint,[9] and on July 19, 2023, the Court, with input from the parties, imposed a Trial Scheduling Order ("TSO").[10]  On June 20, 2024, the Court amended the TSO upon the stipulation of the parties.[11]

3.     On August 23, 2024, in accordance with the Amended TSO, Soul submitted her expert disclosure (the "Disclosure") under Superior Court Civil Rule 26(b)(4).[12]  The Disclosure identifies Andrew J. Gambone, M.D., as Soul's only expert witness and states:

> Dr. Gambone will testify in accordance with his professional training and experience, his review of all relevant medical records, including medical records produced during discovery, reports from Defendant's expert(s), and his examination and treatment of the Plaintiff.

---

[6] D.I. 38, Exh. C.

[7] D.I. 34; Amend. Compl. ¶ 8.

[8] Amend. Compl. ¶¶ 5(a-g)-8(a-c).

[9] D.I. 9.  Soul dismissed her claims against the other three defendants named in her amended complaint.  D.I. 14; D.I. 22.

[10] D.I. 23.

[11] D.I. 32.

[12] D.I. 34.

Dr. Gambone is expected to testified [sic] that as a result of the incident with Defendant's dog, Plaintiff sustained an injury to her shoulder that resulted in shoulder surgery on November 6, 2020.  Dr. Gambone will testify consistent with his medical records that the treatment rendered to Plaintiff was reasonable, necessary, and causally related to the incident in question and that the charges for the services rendered were necessary and reasonable as well as customary and appropriate.[13]

4.     Drozdowski contends "this expert disclosure is insufficient under Rule 26(b)(4)(A)(i) and cannot serve as the predicate for his admission as an expert; [and] absent admissible expert testimony, summary judgment must be entered for defendant."[14]   Soul counters that her Disclosure provides Defendant "adequate notice that Dr. Gambone is expected to testified [sic] that the treatment and the surgery to [her] right shoulder were due to this incident," and is sufficient under the rule.[15]  On October 14, 2024, this Court heard the parties' oral arguments on the motion.[16]

## STANDARD OF REVIEW

5.     Under Superior Court Civil Rule 56, summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[13] D.I. 34.

[14] Def. Mot. ¶ 10.

[15] Pl. Resp. ¶ 10.

[16] D.I. 43.

material fact and that the moving party is entitled to a judgment as a matter of law."[17] On a motion for summary judgment, this Court "(i) construes the record in the light most favorable to the non-moving party; (ii) detects, but does not decide, genuine issues of material fact; and (iii) denies the motion if a material fact is in dispute."[18] Where a plaintiff fails to produce an expert report establishing a causal connection between an incident and the plaintiff's alleged injuries, summary judgment is appropriate.[19] Summary judgment will not be granted where there exists a material fact in dispute or if it "seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[20]

## ANALYSIS

6.      In a negligence claim involving bodily injuries, "the causal connection between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by the direct testimony of a competent medical expert."[21] "Parties must comply with the discovery rules by identifying expert witnesses and disclosing the substance of their expected opinions as a precondition to the admissibility of

---

[17] Super. Ct. Civ. R. 56(c).

[18] *US Dominion, Inc. v. Fox News Network, LLC*, 2023 WL 2730567, at *17 (Del. Super. Ct. Mar. 31, 2023) (quoting *CVR Refin., LP v. XL Specialty Ins. Co.*, 2021 WL 5492671, at *8 (Del. Super. Ct. Nov. 23, 2021) (cleaned up)).

[19] *Rayfield v. Power*, 2003 WL 22873037 (Del. Super. Ct. Dec. 2, 2003).

[20] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

[21] *Rayfield,* 2003 WL 22873037, at *1.

expert testimony at trial."[22]  In its determination of whether Soul's Disclosure was substantively sufficient, this Court is guided by Rule 26(b)(4)(A)(i), which provides,

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.[23]

This rule requires expert disclosures "so that the opposing party can properly prepare for depositions and trial."[24]  It is, of course, unreasonable for opposing counsel to conduct a futile deposition or cross-examination of an expert "without the benefit of having the opinions and medical or scientific reasoning" behind those opinions.[25]

7.    Drozdowski asserts that Soul's Disclosure does not comport with Rule 26(b)(4)(A)(i) because it refers to unspecified medical records, does not address Soul's four prior shoulder surgeries, and only "anticipates" that Soul's expert will relate her injury to the incident with Drozdowski's dogs.[26]  Soul argues the

---

[22] *Sammons v. Doctors for Emergency Servs, P.A.*, 913 A.2d 519, 528 (Del. 2006) (internal citations omitted).

[23] Super. Ct. Civ. R. 26(b)(4)(A)(i).

[24] *Sammons*, 913 A.2d at 530.

[25] *Sammons*, 913 A.2d at 529 (quoting *Duncan v. Newton & Sons Co.,* 2006 WL 2329378 (Del. Super. Ct. July 27, 2006)).

[26] Def. Mot. ¶¶ 4, 9.

Disclosure sufficiently informs Drozdowski that Dr. Gambone's opinion is that her shoulder surgery was causally related to the incident with his dogs.[27]

8. There exists no precise formula to assess the contents of an expert disclosure under Rule 26. Of course, where no expert disclosure is made, summary judgment may properly be granted.[28] Here, Soul produced a Disclosure which identifies Dr. Gambone, his opinion, and the records upon which he bases that opinion.[29] Soul's disclosure meets the basic requirements of the rule.

9. This Court has granted summary judgment where an expert disclosure fails to meet the minimum threshold.[30] In *Watunya v. Siena*, the plaintiff's disclosure, in effect, directed the defendant to "see medical records."[31] And, in *Dixon v. Batson*, this Court found plaintiff's "vague" expert reports insufficient

---

[27] Pl. Resp. ¶ 6.

[28] *See, e.g., Newton v. Schoeneberger*, 2024 WL 1480568, at *2 (Del. Super. Ct. Apr. 5, 2024); *Manuel v. Wescott*, 2020 WL 4464530, at *1 (Del. Super. Ct. Aug. 3, 2020); *Wing v. Bichaco*, 2014 WL 6675037, at *1 (Del. Super. Ct. Oct. 30, 2014); *Cann v. Dunner*, 2008 WL 5048425, at *1 (Del. Super. Ct. Nov. 13, 2008); *Duncan*, 2006 WL 2329378, at *1.

[29] D.I. 34.

[30] *See, e.g., Armstrong v. Jewish Fed'n of Delaware, Inc.*, 2017 WL 1277673, at *5-6 (Apr. 3, 2017); *Dixon v. Batson*, 2015 WL 4594159, at *3 (Del. Super. Ct. July 30, 2015); *Watunya v. Siena*, 2014 WL 4249677, at *1 (Del. Super. Ct. Aug. 27, 2014).

[31] *Watunya*, 2014 WL 4249677, at *1.

because they "forced [defendant] to prepare to question and defend against every asserted injury."[32] That is not the case here.

10. Rule 26(b)(4)(A)(i) requires disclosure of "the *identity* of the expert, his/her *opinion*, and the *bases* for those opinions."[33] Soul's disclosure does so. The choice of the phrase "relevant medical records" here, as opposed to "medical records that pre-date and post-date the accident," is a distinction without a difference.[34] This Court found the latter sufficient under the rule and, here, finds the former equally so.

11. Soul's Disclosure informs Drozdowski of Dr. Gambone's opinion and its bases. Dr. Gambone's opinion is based on his own examination and treatment of Soul as well as his review of Soul's medical records.[35] Further, the Disclosure explains Dr. Gambone's direct and narrow focus – that Soul's shoulder injury and subsequent surgery resulted from her encounter with Drozdowski's dogs.[36] The Disclosure does not require Drozdowski to embark on a "wild goose chase" to discern Dr. Gambone's opinion and the reason for his opinion.[37] Drozdowski may develop the record through Dr. Gambone's deposition and cross-examination.

---

[32] *Dixon*, 2015 WL 4594159, at *3.

[33] *Winn v. Clements*, 2017 WL 780878, at *4 (Del. Super. Ct. Feb. 27, 2017) (emphasis in original).

[34] *See e.g., Winn v. Clements*, 2017 WL 780878, at *1.

[35] D.I. 34.

[36] D.I. 34.

[37] *Sammons*, 913 A.2d at 529 (quoting *Duncan*, 2006 WL 2329378).

## CONCLUSION

12.     This Court maintains a "strong policy in favor of deciding cases on the merits."[38]  To survive a motion for summary judgment, a plaintiff must "adequately establish all the elements essential to their case that they would have the burden of proving at trial."[39]  To do so in the personal injury context, Superior Court Civil Rule 26(b)(4)(A)(i), in pertinent part, requires an expert disclosure "state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."[40]  Here, Soul's Disclosure meets the requirements of Rule 26(b)(4)(A)(i), thus Dr. Gambone's testimony is admissible.  Dr. Gambone's opinion that Soul's injury was causally related to her encounter with Drozdowski's dogs creates a genuine issue of material fact – whether there exists a causal connection between Drozdowski's alleged negligence and Soul's alleged injury.  Accordingly, Drozdowski's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge

---

[38] *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013).

[39] *Rayfield*, 2003 WL 22873037, at *1 (cleaned up).

[40] Super. Ct. Civ. R. 26(b)(4)(A)(i).