# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARMEN BOLDEN-LOAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N23C-08-083 SPL |
| | ) | |
| MAIN EVENT ENTERTAINMENT, | ) | |
| INC. and MAIN EVENT | ) | |
| ENTERTAINMENT, L.P. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This 22nd day of January 2025, upon consideration of Defendants', Main Event Entertainment, Inc. and Main Event Entertainment, L.P.'s (collectively "Main Event"), Motion for Summary Judgment,[1] and having received no response from Plaintiff, Carmen Bolden-Loat ("Bolden-Loat"), it appears to the Court that:

## BACKGROUND

1.     Bolden-Loat alleges that on August 9, 2022, while on Main Event's property, she fell and sustained injuries.[2]  On August 9, 2023, Bolden-Loat, represented by counsel, filed a complaint contending Main Event's negligence proximately caused the injuries she alleges to have sustained in the fall.[3]

---

[1] D.I. 26 ("Def. Mot.").

[2] D.I. 1 ("Compl.") ¶¶ 3, 5.

[3] Compl. ¶ 5.

1

Specifically, Bolden-Loat contends Main Event's negligence stems from its failure to remove spilled ice from its floor.[4]

2.      After Main Event answered Bolden-Loat's complaint,[5] the Court issued its first Trial Scheduling Order ("TSO") on November 30, 2023.[6] Under this TSO, Bolden-Loat was required to submit an expert report or Rule 26(b)(4) disclosure by August 2, 2024.[7] The Court issued an amended TSO on July 19, 2024, extending Bolden-Loat's deadline to October 2, 2024.[8] Bolden-Loat failed to submit an expert report or Rule 26(b)(4) disclosure.

3.      On July 31, 2024, Bolden-Loat's counsel moved to withdraw, stating: "[Bolden-Loat] has failed to cooperate and communicate with counsel despite numerous requests."[9] On August 12, 2024, the Court granted counsel's motion to withdraw.[10]

4.      On November 6, 2024, Main Event filed a motion for summary judgment.[11] Main Event notified Bolden-Loat that the motion was scheduled to be

---

[4] Compl. ¶ 4(a-d).

[5] D.I. 8.

[6] D.I. 9.

[7] D.I. 9.

[8] D.I. 19.

[9] D.I. 21.

[10] D.I. 24.

[11] Def. Mot.

heard by the Court on Friday, January 17, 2025, at 9:00 a.m.[12]  Bolden-Loat neither responded to Main Event's motion nor appeared for the hearing.[13]

## STANDARD OF REVIEW

5.      Under Superior Court Civil Rule 56, summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14] On a motion for summary judgment, this Court "(i) construes the record in the light most favorable to the non-moving party; (ii) detects, but does not decide, genuine issues of material fact; and (iii) denies the motion if a material fact is in dispute."[15] Where a plaintiff fails to produce an expert report establishing a causal connection between an incident and the plaintiff's alleged injuries, summary judgment is appropriate.[16]  Summary judgment will not be granted where there exists a material

---

[12] D.I. 26.

[13] D.I. 27.

[14] Super. Ct. Civ. R. 56(c).

[15] *US Dominion, Inc. v. Fox News Network, LLC*, 2023 WL 2730567, at *17 (Del. Super. Ct. Mar. 31, 2023) (citing *CVR Refin., LP v. XL Specialty Ins. Co.*, 2021 WL 5492671, at *8 (Del. Super. Ct. Nov. 23, 2021) (cleaned up)).

[16] *Rayfield v. Power*, 2003 WL 22873037 (Del. Super. Ct. Dec. 2, 2003).

fact in dispute or if it "seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[17]

## ANALYSIS

6.      Although the Court affords some leeway to self-represented litigants, "there is no different set of rules for *pro-se* plaintiffs."[18]  The Court recognizes the challenges faced by *pro se* litigants, but it cannot "sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff"[19] or impair "the substantive rights of those parties involved in the case at bar."[20]  This Court has endeavored to afford Bolden-Loat every opportunity to make her case, yet she has failed to do so.  It is against this procedural backdrop that the Court assesses Main Event's motion.

### A. Main Event's Motion for Summary Judgment

7.      Main Event asserts that Bolden-Loat's failure to produce an expert report entitles Main Event to summary judgment.[21]  In its motion, Main Event argues

---

[17] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

[18] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Ct. Aug. 15, 2011) (citing *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001)).

[19] *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 14, 2015) (citing *Draper*, 767 A.2d at 799); *see also, Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) (cleaned up) ("[S]elf representation is not a blank check for defect.").

[20] *Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002).

[21] Def. Mot. ¶¶ 7-9.

4

that in a negligence claim involving bodily injuries, "the causal connection between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by the direct testimony of a competent medical expert."[22]  Superior Court Civil Rule 26(b)(4) requires an expert disclosure containing the identity of the expert, his/her opinion, and the bases for those opinions "so that the opposing party can properly prepare for depositions and trial."[23]  It is not uncommon for this Court to grant summary judgment where, as here, the plaintiff fails to identify an expert witness or produce an expert report establishing a causal connection between an accident and the plaintiff's alleged injuries.[24]

8.　　The Court finds that Bolden-Loat has neither identified an expert nor produced an expert report, as required, to forge the causal connection between Main Event's alleged negligence and Bolden-Loat's alleged injuries.  Without an expert report, Bolden-Loat cannot prove an essential element of her claim—that Main

---

[22] Def. Mot. ¶ 10; *Rayfield*, 2003 WL 22873037, at *1.

[23] *Sammons v. Doctors for Emergency Servs., P.A.*, 913 A.2d 519, 530 (Del. 2006).

[24] *See, e.g. Newton v. Schoeneberger*, 2024 WL 1480568, at *2 (Del. Super. Ct. Apr. 5, 2024); *Manuel v. Wescott*, 2020 WL 4464530, at *1 (Del. Super. Ct. Aug. 3, 2020); *Wing v. Bichaco*, 2014 WL 6675037, at *1 (Del. Super. Ct. Oct. 30, 2014); *Cann v. Dunner*, 2008 WL 5048425, at *1 (Del. Super. Ct. Nov. 13, 2008); *Duncan v. Newton & Sons Co.*, 2006 WL 2329378, at *1 (Del. Super. Ct. July 27, 2006)).

Event's negligence caused her injuries.[25]  Thus, there exists no genuine issue of material fact, and summary judgment in favor of Main Event is warranted.

### B. Bolden-Loat's Failure to Prosecute

9.      "For failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant."[26]  The Superior Court retains discretion to dismiss an action for failure to prosecute.[27]  The Court is mindful that, "[t]he sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort."[28]  But, "the duty to diligently prosecute a case falls upon the plaintiff, not the court."[29]

10.     Plaintiffs, "whether represented by counsel or appearing *pro se*, must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[30]  In cases involving a *pro se* plaintiff, the Court will generally afford some leniency, but "only to the extent that such leniency does not affect the substantive rights of the

---

[25] *Rayfield*, 2003 WL 22873037, at *1.

[26] Super. Ct. Civ. R. 41(b).

[27] *Alston v. Maahs*, 2019 WL 1220932, at *2 (Del. Mar. 14, 2019) (affirming the Superior Court's *sua sponte* dismissal of a *pro se* plaintiff's complaint for lack of prosecution).

[28] *Drejka v. Hitchens Tire Serv. Inc.*, 15 A.3d at 1224 (citing *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008)).

[29] *Alston*, 2019 WL 1220932, at *2.

[30] *Draper*, 767 A.2d at 799.

6

parties."[31]  Delaware Courts consider the following factors when deciding whether to dismiss a case under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[32]

11.     Applying the *Drejka* factors to this case, the Court finds that dismissal is warranted.  First, Bolden-Loat's failure to prosecute her claim rests on her alone. The Court has afforded her ample opportunity to pursue her claim, yet Bolden-Loat chose not to meaningfully participate in the discovery process and elected to disregard established deadlines.  Second, Bolden-Loat's failure to comply with the Court's TSO has denied Main Event the ability to prepare a defense.  Third, Bolden-Loat's disregard of established deadlines and efforts to move her case forward evidences a pattern of dilatoriness.  Bolden-Loat's counsel withdrew because she "failed to cooperate and communicate with counsel despite numerous requests."[33] Fourth, although the Court does not find that Bolden-Loat engaged in bad faith in pursuit of her claim, she willfully chose not to participate.  Fifth, there exists no

---

[31] *Maddox v. Isaacs*, 2013 WL 2297030, at *2 (Del. Super. Ct. May 7, 2013) (cleaned up).

[32] *Drejka*, 15 A.3d at 1224.

[33] D.I. 21.

suitable alternative option here; the Court has already rescheduled discovery deadlines in the expectation Bolden-Loat would engage in the prosecution of her claims. She did not. Sixth, to the extent Bolden-Loat has built a case, it lacks merit; she has not produced evidence in support of her claim past the allegations detailed in her complaint.

12.    Though this Court maintains a "strong policy in favor of deciding cases on the merits,"[34] this Court's application of the factors identified in *Drejka* lead it to conclude that, to the extent that any of her claims survive the Court's grant of summary judgment, Bolden-Loat's case must be dismissed.

For the reasons set forth herein, Main Event's Motion for Summary Judgment is **GRANTED**, and this case is **DISMISSED** for failure to prosecute.

**IT IS SO ORDERED**

_____
Sean P. Lugg, Judge

---

[34] *Cunningham v. Christiana Care Health Servs., Inc.*, 2021 WL 195037, at *2 (Del. Super. Ct. Jan. 20, 2021) (citing *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013)).