**Ashley ADAMS, Defendant Below, Counterclaim Plaintiff, Appellant,**

v.

**Yaw AIDOO and Ninette Aidoo, Plaintiffs Below, Counterclaim Defendants, Appellees.**

No. 177, 2012.

Supreme Court of Delaware.

Submitted: Oct. 10, 2012.
Decided: Jan. 2, 2013.
Revised: Jan. 3, 2013.

---

**6.** *Dishmon v. Fucci*, 32 A.3d 338, 346 (Del. 2011) (Citations omitted.).

**7.** *Ibid.*

**8.** *Ibid.*

**9.** *Schrader–VanNewkirk v. Daube*, 2012 WL 1952297 (Del.Supr.).

Leo John Ramunno, Esquire, Wilmington, Delaware for Appellant.

Donald L. Gouge, Jr., Esquire, Wilmington, Delaware for Appellees.

Before BERGER, JACOBS and RIDGELY, Justices.

BERGER, Justice:

In this appeal, we consider, among other issues, the Superior Court's dismissal of appellant's complaint for failure to provide discovery to appellees. Appellant was acting *pro se* for the first 18 months after she filed the complaint. During that time appellees, who had filed a counterclaim, filed

several motions to compel answers to interrogatories and production of documents. The trial court held hearings on the motions; explained exactly what appellant needed to do in responding to the discovery; and warned that failure to comply with the court's order could result in sanctions and dismissal. Appellant ignored the trial court's warnings, and the court dismissed the complaint. Applying the *Drejka*[1] factors, we find no abuse of discretion. Appellant intentionally refused to respond to discovery requests after being given repeated warnings, and it was clear that lesser sanctions would not have induced compliance.

### Factual and Procedural History

Ashlee Adams lives two doors away from Ninette and Yaw Aidoo. On October 1, 2007, at 11:16 p.m., Yaw received a text message that read: "After Ninette goes to sleep, you can sneak over and give me what I really need. It has been a long time." The text was signed "Ashlee" and came from a phone number later identified as belonging to Adams.[2] The Aidoos tried to call that number, but got no answer. Then they called the police. New Castle County Police Officer Selhorst questioned Adams, who admitted it was her cell phone number but denied sending the text message. Selhorst then obtained a warrant to arrest Adams for harassment.

On January 21, 2007, Adams filed suit against the Aidoos, *pro se*. As later amended, the complaint alleged 20 tort claims and seeks $21 million in damages. The Aidoos filed a counterclaim alleging invasion of privacy, malicious prosecution, abuse of process, and intentional infliction of emotional distress. Throughout the discovery process, Adams refused to comply with basic discovery requests from the Aidoos. On January 29, 2009, the trial court held a hearing on the Aidoos' motion to compel. Adams had objected to almost every interrogatory, so the trial court went through them, number by number, and explained to Adams why she had to respond. The trial court went through the same process with respect to the outstanding document request, and entered an order granting the Aidoos' motion to compel.

Adams failed to comply with the order, and the trial court held a hearing on the Aidoos' second motion to compel on April 2, 2009. Again, the trial court went to some length to explain to Adams why she was obligated to answer questions and provide documents relating to her claims. The court ordered Adams to provide the outstanding discovery in 10 days, and warned that the complaint would be subject to dismissal if Adams again ignored the order.

On April 16, 2009, having received no meaningful answers to their interrogatories, the Aidoos moved to dismiss. The trial court held another hearing on May 5, 2009, and told Adams, yet again, that she had to respond to the Aidoos' discovery. The trial court postponed consideration of the Aidoos' motion to dismiss, and gave Adams three days to comply with the court's outstanding discovery orders. On May 15, 2009, the trial court held a hearing on the motion to dismiss. Adams was represented by counsel, who agreed that Adams had not complied with discovery, and asked the court to enter a dismissal without prejudice. The court instead entered a dismissal with prejudice.

The Aidoos' counterclaims were tried in June 2010, and the jury returned a verdict of $250,000. This appeal followed.

---

**1.** *Drejka v. Hitchens Tire Service Inc.,* 15 A.3d 1221, 1224 (Del.2010).

**2.** Appellant's Appendix, A–76–76.

## Discussion

 In *Drejka v. Hitchens Tire Service, Inc.,*[3] this Court explained the factors to be considered in deciding whether a trial court acts within its discretion in dismissing a claim for failure to obey scheduling orders:

> [T]o determine whether the trial court abused its discretion ... we will be guided by the manner in which the trial court balanced the following factors, ... and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[4]

The trial court correctly balanced those factors in dismissing Adams' complaint. First, Adams was personally responsible for her failure to provide discovery. This is not a situation where a *pro se* litigant did not understand what was required. The trial court carefully explained to Adams that she was not free to ignore those interrogatories that she believed were irrelevant or personally invasive. As noted above, the trial court went through discovery requests, one by one, and specifically overruled Adams' objections to them. Second, there was a history of dilatoriness. The trial court gave Adams numerous extensions, and Adams had no excuse for her failure to comply with the deadlines. Finally, because Adams' refusal to provide discovery was willful, it was apparent that no lesser sanctions would have induced compliance. Adams simply did not think she should have to reveal information that she considered to be private and irrelevant. In sum, the trial court balanced and applied the *Drejka* factors correctly.

 Adams also argues that the trial court abused its discretion in admitting certain evidence in the Aidoos' counterclaim trial. Specifically, she claims that the trial court should have excluded evidence of: (1) prior incidents demonstrating Adams' antagonism toward the Aidoos; (2) the Aidoos' attorneys' fees; and (3) Adams' litigiousness. Because Adams did not object at trial, we review for plain error, which is error that is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[5]

There was no plain error. One of the Aidoos' counterclaims was for intentional infliction of emotional distress, to which evidence of Adams' harassing behavior was relevant and highly probative. The Aidoos' sought reimbursement of their attorneys' fees as part of their damages. Evidence of those fees, therefore, was properly admitted. Even if it was error to allow evidence of fees incurred after Adams' complaint was dismissed, there has been no showing how much those fees were, or whether they contributed to the jury's damage award. Finally, evidence that Adams has been a party to numerous lawsuits was admissible to impeach Adams' credibility. In sum, Adams' claims of error with respect to the evidence presented at trial lack merit.

Adams' last argument is that the trial court erred in denying her motions for a new trial or remittitur. The trial court

---

3. 15 A.3d 1221 (Del.2010).

4. *Id.* at 1224.

5. *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986).

carefully considered Adams' motions and issued a thorough, 43 page opinion.[6] We affirm the Superior Court's denial of the motions on the basis of its well-reasoned decision.

## Conclusion

Based on the foregoing, the judgment of the Superior Court is hereby affirmed.

---

6. *Adams v. Aidoo,* C.A. No. 07C–11–177(MJB), 2012 WL 3563062 (Del.Super. March 29, 2012).