# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEITH R. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N21C-10-020 SPL |
| | ) | |
| NAVIENT, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 7, 2023
Decided: September 25, 2023

## <u>MEMORANDUM OPINION</u>

*Upon Defendant's Motion in limine (Documentary Evidence),*
**GRANTED.**

*Upon Defendant's Motion in limine (Punitive Damages),*
**GRANTED.**

*Upon Defendant's Motion in limine (Economic Damages),*
**GRANTED.**

*Upon Defendant's Motion to Grant Motions* **in Limine** *as Unopposed,*
**DENIED.**

*Upon Defendant's Motion to Dismiss Plaintiff's Complaint*
*Pursuant to Superior Court Civil Rule 41(b),*
*or Motion for Summary Judgment in the Alternative:*
**GRANTED.**

Keith R. Jones, *pro se.*

John M. Nolan III, Esquire (Argued), Morgan D. Hollander, Esquire, of JACKSON LEWIS, P.C., Philadelphia, Pennsylvania; Margaret M. DiBianca, Esquire, of CLARK HILL PLC, Wilmington, Delaware, *Attorneys for Defendant.*

**LUGG, J.**

## I. INTRODUCTION

Keith R. Jones ("Jones") brought this lawsuit *pro se* against his former employer, Navient Solutions, LLC ("Navient"). Jones claims Navient terminated him in violation of the Delaware Whistleblower's Protection Act ("DWPA").[1] Presently before the Court are Navient's motions *in limine* to preclude Jones from introducing certain evidence at trial[2] and Navient's "Motion to Dismiss Plaintiff's Complaint Pursuant to Superior Court Civil Rule 41(b), or Motion for Summary Judgment in the Alternative."[3] Upon careful consideration of the papers and the parties' arguments, Navient's motions in *limine* are **GRANTED,** Navient's motion to grant the motions *in limine* as unopposed is **DENIED**, and Navient's Motion to Dismiss or, in the alternative, Motion for Summary Judgment is **GRANTED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This Court, in its May 25, 2022, Memorandum Opinion denying Navient's motion to dismiss, detailed the nature of the dispute as follows:

> Jones was employed as an account manager in the recovery department for Navient Solutions, LLC ("Navient"). During his employment, Jones had reported to Navient management various concerns and issues within his department. Those issues "ranged from degrading treatment, fairness, placement of accounts, application of policies and rules, retaliation, harassment, discrimination, solicitation

---

[1] 19 *Del. C.* §§ 1701-1708. In his complaint, Jones asserts that he was "terminated on November 16, 2020, in violation of 19 *Del. C.* § 1703." D.I. 1 at ¶ 4.

[2] D.I. 48, 49, 50.

[3] D.I. 47. (Navient Mot. Dism.)

of money by management, sabotage of [Mr. Jones's] efforts to achieve commission and the showing of nude photos of other employees by a member of senior management to [Mr. Jones]."

After Jones reported that conduct, on January 31, 2020, Navient placed Jones on a final written warning. A few months later, in May of 2020, Jones filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that Navient discharged him on the basis of his race and sex, and in retaliation for engaging in prior protected activity. Jones was officially fired from Navient on November 16, 2020. On July 6, 2021, the EEOC issued its decision and found that "there [was] no reasonable cause to believe that an unlawful employment practice ha[d] occurred" at Navient.

Now, Jones contends that his firing was a violation of the Delaware Whistleblowers' Protection Act ("DWPA"). On October 6, 2021, Jones filed a Complaint against Navient seeking compensatory damages for lost salary and punitive damages based on Navient's conduct. Jones alleges claims of discrimination, retaliation, and wrongful termination in violation of the DWPA, and that he was subjected to and endured unfair treatment and harassment while employed at Navient.

On November 2, 2021, Navient filed a Motion to Dismiss Plaintiff's Complaint pursuant to Superior Court Rule 12(b)(6). Navient contend[ed] that dismissal is proper because Plaintiff fails to make a prima facie DWPA claim. Plaintiff filed a response to Defendant's Motion to Dismiss on December 10, 2021, reaffirming his position.[4]

This Court concluded:

At this point in the litigation, Jones's allegations must be accepted as true until the factual record is more developed. The Court finds that dismissal at this early stage would be inappropriate because Jones has alleged various protected whistleblower activities and has not had the

---

[4] *Jones v. Navient*, 2022 WL 2063308, at \*1 (Del. Super. Ct. May 25, 2022) (internal citations omitted).

opportunity to conduct discovery. The veracity of such allegations will be uncovered during discovery and at that point, the Court will be able to further assess [Jones'] claims in a summary judgment context.[5]

On June 9, 2022, Navient filed its Answer to the Complaint,[6] and on October 2, 2022, the Court issued its first trial scheduling order ("TSO").[7] The TSO imposed a deadline for the completion of discovery by March 31, 2023, and set trial to begin on July 10, 2023.[8]

On September 7, 2022, Navient served discovery requests on Jones,[9] and Jones responded on October 25, 2022.[10] On January 18, 2023, Navient sent a deficiency letter to Jones.[11] On March 28, 2023, having not received any supplemental responses from Jones, Navient filed a motion to compel and a motion to dismiss for failure to prosecute pursuant to Delaware Superior Court Civil Rule of Procedure 41(e) ("Rule 41(e)").[12] In both pleadings, Navient documented its

---

[5] *Id.* at *3.

[6] D.I. 20.

[7] D.I. 23.

[8] D.I. 23.

[9] D.I. 20.

[10] D.I. 24.

[11] Navient Mot. Dism. at Exh. A.

[12] D.I. 27, 28.

efforts to secure discovery materials from Jones, including its January 18, 2023 deficiency letters requesting full and complete responses.[13]

On April 10, 2023, Jones filed supplemental answers to Navient's specific interrogatories,[14] and responded to Navient's motion to dismiss.[15] The next day, Jones filed his first set of interrogatories and requests for production to Navient.[16] Jones supplemental responses to Navient's interrogatories and his interrogatories and requests for production directed to Navient were filed over a week after the expiration of discovery set by this Court's first TSO.

On May 10, 2023, the Court held a hearing on Navient's motions to compel and dismiss.[17] Jones argued that he failed to meet several deadlines in the October TSO because he had been dealing with serious health issues and family challenges. He asserted that he was now seeking counsel to represent him. Navient agreed to withdraw its motions without prejudice and to extend the discovery deadlines to allow Jones the opportunity to cure the identified deficiencies and complete fact discovery.

---

[13] D.I. 27 at ¶ 18; D.I. 28 at ¶ 7.

[14] D.I. 30.

[15] D.I. 31.

[16] D.I. 32, 33.

[17] D.I. 36.

The Court issued an Amended TSO that provided Jones specific deadlines to advance the litigation.[18] The Amended TSO provided an additional 60 days of fact discovery, to conclude on July 10, 2023, and moved the trial date to October 2, 2023.[19] Jones confirmed his understanding of the order and the possible consequences – dismissal – if he failed to comply with its terms.

On June 13, 2023, Navient responded to Jones' interrogatories, and requests for production.[20] On June 29, 2023, Navient sent Jones a second deficiency letter.[21] On July 10, 2023, the last day of the extended discovery period, Jones filed supplemental responses to Navient's interrogatories and requests for production.[22] Jones objected to many questions, claimed he did not possess some documents, and asserted a lack of recollection to several items. At the close of discovery, Jones had not noticed any witness depositions. On July 10, 2023, Jones filed a motion to compel responses from Navient;[23] without identifying Navient's discovery failures, Jones motion simply noted that Navient's responses were deficient.

---

[18] D.I. 37.

[19] D.I. 38.

[20] D.I. 39.

[21] Navient Mot. Dism. at Exh. C.

[22] D.I. 41.

[23] D.I. 40.

On August 2, 2023, the Court held a hearing on Jones' motion to compel.[24] Jones explained that he sought to obtain more information about other employment discrimination claims made against Navient. Navient responded that no discoverable information existed on this point, thus its response was complete. Jones informed the Court that he was still deciding whether to retain counsel. The Court cautioned Jones that the October 2, 2023, trial was rapidly approaching and explained that Navient may soon file dispositive motions. The Court instructed Jones to review the outstanding discovery and the Amended TSO and to address any outstanding issues. Again, Jones confirmed his understanding.

On August 4, 2023, Navient filed a "Motion to Dismiss Plaintiff's Complaint Pursuant to Superior Court Civil Rule 41(b), or Motion for Summary Judgment in the Alternative" and a brief in support of the motion.[25] In support of its motion to dismiss for Jones' failure to prosecute, Navient argues that this case is the "prime example of one that should be dismissed by the Court for inaction, failure to prosecute, and evasive and incomplete bad-faith discovery practices."[26] Navient contends that Jones ignored the initial, March 31, 2023, discovery deadline, ignored the July 10, 2023, extended deadline, failed to notice or conduct a single deposition,

---

[24] D.I. 46.

[25] Navient Mot. Dism.

[26] *Id*. at 4.

and refused to properly respond to Navient's September 7, 2022 discovery request.[27] Navient argues that summary judgment is equally warranted because Jones has failed to offer evidence supporting a *prima facie* case of a violation of the DWPA.

Then, on August 17, 2023, Navient filed three Motions *in limine* to exclude certain evidence from trial.[28] Navient seeks to: (1) exclude certain documents offered by Jones for a lack of authentication;[29] (2) preclude introduction of evidence regarding punitive damages and emotional distress;[30] and (3) preclude or limit evidence of economic damages.[31] Jones did not respond to any of Navient's motions *in limine.*

On August 29, 2023, Jones responded to Navient's Motion to Dismiss.[32] Jones argues that, with the exception of inadvertently missing the first discovery deadline, he has complied with and met all other Court orders and deadlines.[33] Jones contends that he did not take any depositions because "there is sufficient evidence that has been provided in the form of [d]iscovery, provided by both parties, that

---

[27] *Id.* at 5.

[28] D.I. 48, 49, 50.

[29] D.I. 48.

[30] D.I. 49.

[31] D.I. 50.

[32] D.I. 52 (Jones' Resp. Mot. Dism).

[33] *Id.* at 6.

support and prove his complaint."[34]  Jones included three exhibits he contends corroborate the issues he reported to management. [35]

On September 7, 2023, the Court heard argument on Navient's pending Motions.[36]  Jones confirmed that he had not endeavored to depose any witness and was unable to articulate how, without a witness, he planned to authenticate any of the evidence he intends to offer at trial.  Jones professed his belief that his case was provable based on his own testimony and the documents that Navient produced to him in discovery.  The Court took the motions under advisement.

---

[34] *Id.*

[35] *Id.* at 7.  The Court has reviewed the documents Jones appended to his response. These documents appear to be photographs of e-mails; the Court cannot discern the substance of any of the exhibits.  In short, the documents are illegible.

[36] D.I. 57.

## III.  ANALYSIS

Jones has appeared *pro se* from the inception of this case through the most recent dispositive motions.  "A *pro se* complaint, however inartfully pleaded,"[37] is "judged by a 'less stringent standard' than a pleading or document filed by an attorney."[38]  But "there is no different set of rules for *pro se* plaintiffs."[39]  This Court need not "accept conclusory allegations unsupported by specific facts [or] . . . draw unreasonable inferences in the plaintiff's favor,"[40] nor accept "every strained interpretation of the allegations proposed by the plaintiff."[41]  The Court recognizes the challenges faced by *pro se* litigants, but it cannot "sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff"[42] or impair "the substantive rights of those parties involved in the case at bar"[43] to save claims which plainly have no merit.  This Court has endeavored to afford Jones every opportunity to make his case, yet he has failed to do so.  The Court has been mindful

---

[37] *Browne v. Robb*, 583 A.2d 949, 959 (Del. 1990).

[38] *Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982).

[39] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Ct. Aug. 15, 2011) (quoting *Draper v. Med. Ctr. of Del.,* 767 A.2d 796, 799 (Del. 2001)).

[40] *Clinton v. Enterprise Rent-A-Car*, 977 A.2d 892, 895 (Del. 2009) (cleaned up).

[41] *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001).

[42] *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 15, 2015) (quoting *Draper*, 767 A.2d at 799); *see also Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) (cleaned up) ("[S]elf representation is not a blank check for defect.").

[43] *Alston v. State,* 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002).

of Jones' status as a *pro se* litigant and has provided accommodations that had minimal effect on Navient's substantive rights; yet there is only so much the Court can do. With these principles in mind, the Court addresses Navient's motions.

### A. NAVIENT'S MOTIONS *IN LIMINE*

Jones did not respond to Navient's motions *in limine*, and the Amended TSO specifically informed the parties that motions *in limine* may be considered unopposed if no opposition is filed within seven days.[44] However, consistent with the principles set forth above, the Court will consider Jones' opposition, expressed at the September 7, 2023, hearing, and will address the motions on their merits.[45]

Navient's motions *in limine* seek to exclude from trial certain evidence proffered by Jones. This Court's decision to admit or exclude evidence is reviewed for an abuse of discretion.[46] "An abuse of discretion occurs when a court has exceeded the bounds of reason in light of the circumstances, or so ignored the rules of law or practice so as to produce injustice."[47]

---

[44] D.I. 37.

[45] Navient's "Motion to Grant Defendant's Motions *in limine* as Unopposed" (D.I. 58) is, thus, denied.

[46] *McCrary v. State*, 290 A.3d 442, 454 (Del. 2023).

[47] *Id.* (quoting *Thompson v. State*, 205 A.3d 827, 834 (Del. 2019) (quoting *McNair v. State*, 990 A.2d 398, 401 (Del. 2010))).

### 1. Documentary Evidence

Rule 901 of the Delaware Uniform Rules of Evidence provides that, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."[48] Navient argues that Jones "cannot put forth witnesses to identify the documents as he failed to notice a single deposition in this matter."[49] And, due to Jones' refusal to adhere to established procedures, Navient contends it is prejudiced because "it did not have the opportunity to use these materials to cross examine any witnesses to determine whether these photocopies bear any resemblance to any correspondence between Plaintiff and Navient during Plaintiff's employment with Navient."[50]

Computer-generated evidence such as e-mail correspondence may be relatively new, but it must be authenticated in accordance with extant evidentiary rules.[51] To authenticate his proffered evidence, Jones "may use any form of verification available under Rule 901 – including witness testimony, corroborative circumstances, distinctive characteristics, or descriptions and explanations of the

---

[48] D.R.E. 901(a).

[49] Mot. Lim. (D.I. 48) at 2, ¶4.

[50] *Id.*

[51] *See generally Parker v. State,* 85 A.3d 682 (Del. 2014).

technical process or system that generated the evidence in question."[52] Jones offers no verification in support of the illegible copies he includes as attachments to his response to Navient's motion to dismiss.[53] And, by failing to identify a witness to authenticate his proffered evidence by any available means, Jones has denied Navient the opportunity to ascertain the authenticity of the proffered exhibits in advance of trial. As gatekeeper of the evidence, the Court may not admit unauthenticated evidence. The leeway afforded Jones as a *pro se* litigant must end here; Navient has a substantive right to prepare for trial which has been frustrated by Jones' inaction.

Navient's Motion to exclude Jones' proffered exhibits is **GRANTED.**

### 2. Punitive Damages

Navient contends that "the DWPA does not provide for punitive damages."[54] This is correct. Punitive damages are not an available remedy on a claim under the DWPA.[55] Navient concedes that the DWPA does provide for non-economic damages related to emotional distress.[56] However, Jones does not specifically

---

[52] *Id.* at 687-88.

[53] Jones' Resp. Mot. Dism.; D.I. 53.

[54] Mot. Lim. (D.I. 49) at 2, ¶3.

[55] *See Meltzer v. City of Wilmington*, 2008 WL 4899230, *14 (Del. Super. Ct. Aug. 6, 2008).

[56] Mot. Lim. (D.I. 49) at 2, ¶4; 19 *Del. C.* § 1704(d).

request such an award, and, in any event, he fails to provide any evidence in support of such damages. When specifically asked to produce medical records that might support non-economic damages, Jones declined to provide a response. Failing to meaningfully engage in discovery despite ample opportunity to do so, Jones may not attempt to make these claims now.

Navient's Motion to preclude the introduction of evidence regarding punitive damages or emotional distress is **GRANTED.**

### 3. Economic Damages

Navient asserts, "[i]n this case, evidence of economic damages, including back pay and front pay, should be excluded because [Jones] failed to disclose, supplement or otherwise substantiate any alleged 'damages.'"[57] Jones produced his 2018, 2019, and 2020 W-2 Forms and suggests his damages may be calculated by averaging his income across those three years. But he failed to offer any evidence, as specifically requested, addressing his efforts at mitigation. Where feasible, a party has a "general duty to mitigate damages."[58] Navient requested this information in its September 7, 2022, interrogatories, and repeated that request in two deficiency letters, two motions to compel, and during hearings before this Court. Jones failure to properly respond to Navient's requests for information on economic damages

---

[57] Mot. Lim. (D.I. 50) at 5, ¶10.

[58] *Brzoska v. Olson*, 668 A.2d 1355, 1367 (Del. 1995).

results in an, at best, incomplete damage calculation. Again, Jones *pro se* status may not operate to deny (or hinder) Navient's ability to prepare and present a defense.

Navient's Motion *in limine* regarding economic damages is **GRANTED.**

## B. NAVIENT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE, OR FOR SUMMARY JUDGMENT IN THE ALTERNATIVE

Navient asserts alternative theories in support of its motion to dismiss. First, Navient contends Jones' failure to comply with Court orders and to meaningfully participate in discovery demonstrates his failure to prosecute his claims.[59] Second, Navient asserts that Jones "has not proffered any relevant information or documents sufficient to establish a *prima facie* DWPA claim."[60] Jones, on the other hand, responds that "[w]ith the exception of inadvertently missing the first discovery deadline set by the Court, [he] has complied with and met all the [Court's] orders and deadlines."[61] And, Jones argues that he is able to support his claim under the DWPA.[62]

It is understandable that Navient would offer alternative theories in support of dismissal. When pressed, Jones has participated in the litigation to varying degrees. But he has routinely failed to fully engage in the discovery process. His inaction, or

---

[59] Supp. Brf. Mot. Dism. (D.I. 47) at 18-19.

[60] *Id.* at 21.

[61] Jones Resp. Mot. Dism. at 6.

[62] *Id.* at 7.

refusal to engage, has produced a record devoid of support for his DWPA claims. While his disinclination to adhere to established procedure resulted in the exclusion of certain evidence, the Court finds that the exclusion (or inclusion) of that evidence has no bearing on its ultimate conclusion on Navient's motion to dismiss. In the end, Jones did not fully participate, and the evidence simply is not there. The Court addresses each theory of dismissal in turn.

### 1. Jones Failure to Prosecute

#### a. Standard of Review

"For failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court a defendant may move for dismissal of an action or any claim against the defendant."[63] The Superior Court has discretion in imposing a sanction for a party's failure to follow a scheduling order or comply with Court procedure.[64] The Court is mindful that "[t]he sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort."[65] Where the motion is filed against a *pro se* plaintiff, the Court will generally afford some leniency. However, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented

---

[63] Super. Ct. R. Civ. P. 41(b).

[64] *Drejka v. Hitchens Tire Service Inc.,* 15 A.3d 1221, 1224 (Del. 2010).

[65] *Id.* (quoting *Hoag v. Amex Assurance Co.,* 953 A.2d 719, 717 (Del. 2008)).

plaintiff."[66] "The Court will accommodate *pro se* litigants only to the extent that such leniency does not affect the substantive rights of the parties."[67]

### b. Jones failed to prosecute his claim

"The duty to diligently prosecute a case falls upon the plaintiff, not the court."[68] Litigants, whether represented by counsel or appearing *pro se*, "must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[69] Delaware Courts consider the following factors when deciding whether to dismiss a case under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[70]

---

[66] *Draper*, 767 A.2d at 799.

[67] *Maddox v. Isaacs*, 2013 WL 2297030, at *2 (Del. Super. Ct. May 7, 2013) (cleaned up).

[68] *Alston v. Maahs*, 2019 WL 1220932, at *2 (Del. Mar. 14, 2018) (affirming the Superior Court's *sua sponte* dismissal of a *pro se* plaintiff's complaint for lack of prosecution).

[69] *Plantz v. Wal-Mart Stores East LP*, 2019 WL 112756, *1 (Del. Super. Ct. Jan. 4, 2019) (quoting *Draper*, 767 A.2d at 799).

[70] *Drejka*, 15 A.3d at 1224 (quoting *Minna v. Energy Coal S.p.A,* 984 A.2d 1210, 1215 (Del. 2009)).

Applying the *Drejka* factors to this case, the Court finds that dismissal is warranted. First, Jones chose to represent himself in these proceedings; thus, the failure to prosecute rests on him alone. Cognizant of Jones *pro se* status, the Court afforded him ample opportunity to pursue his claims. Jones chose not to meaningfully participate in the discovery process despite the Court's repeated encouragement.

Second, Jones' failures to comply with the TSO, Amended TSO, and this Court's procedural rules prejudiced Navient in its ability to prepare its defense. Jones has identified no witnesses who will advance his case or authenticate his proffered evidence and no meaningful information in support of his damage claims. Rather, it appears he photographed communications he deemed offensive and proffers illegible copies of the photographs as evidence.

Third, Jones' minimal participation in pursuing this case evidences a pattern of dilatoriness. On multiple occasions, Jones either failed to respond to Navient's requests for information or provided incomplete or unhelpful responses. Jones missed the first discovery deadline and, when this Court afforded him additional time by imposing a new discovery deadline, Jones sat idle until the final day. And, with full recognition of the approaching trial, Jones took no action to identify or depose any witnesses.

Fourth, while the Court does not find that Jones engaged in bad faith in his pursuit of his claim, he did willfully choose not to fully participate. On May 25, 2022, this Court found that dismissal was not appropriate at that point of the litigation.[71] The Court expected full discovery to afford it the opportunity "to further assess Plaintiff's claims in a summary judgment context."[72] Yet almost nothing has changed. Rather, the Court is presented the same facts offered at the outset of this case. Ultimately, Jones' failed to produce evidence in support of his claim.

Fifth, there is no suitable alternative option here. The Court has already rescheduled discovery deadlines and trial in the expectation that Jones would engage in the prosecution of his claims. He did not. He failed to rectify his procedural deficiencies; now his conduct has impacted the substantive rights of his adversary. Navient is simply left without the ability to properly defend against Jones' claim. "[I]t [is] clear that lesser sanctions would not have induced compliance."[73]

Sixth, as evidenced by the Court's summary judgment discussion below, to the extent Jones has built a case, it lacks merit; he has not produced evidence in support of his claim. And, to the extent Navient has been able to muster a defense, the Court understands it to be simply that Jones fails to articulate a *prima facie* case

---

[71] *Jones*, 2022 WL 2063308, at *3.

[72] *Id.*

[73] *Adams v. Aidoo*, 58 A.3d 410, 412 (Del. 2013).

19

of a DWPA violation. And, viewing the evidence available to the Court, this is a meritorious defense.[74]

"The Delaware Supreme Court has held that dismissal may be warranted under the *Drejka* factors where the court has repeatedly instructed plaintiff on what to do and that failure to comply with any instructions could result in dismissal."[75] While this Court maintains a "strong policy in favor of deciding cases on the merits,"[76] this Court's application of the factors identified in *Drejka* lead it to the inescapable conclusion that Jones' case must be dismissed.

Navient's Motion to Dismiss for Failure to Prosecute pursuant to Rule 41(b) is **GRANTED**.

### 2. Navient's Motion for Summary Judgment

#### a. Standard of Review

Delaware Superior Court Civil Rule 56 mandates that summary judgment be granted where the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[74] *See Greene v. Allstate Insurance Company*, 2017 WL 5606631, *4 (Del. Super. Ct. Nov. 9, 2017) ("It is clear that despite repeated instructions, [Plaintiff]… failed to present any evidence to meet his burden of proof, or present his case to a jury. To empanel a jury on this record would have been contrary to our rules of evidence and civil procedure, and a waste of already scarce judicial resources").

[75] *Id.* at *3 (citing *Adams*, 58 A.3d at 412).

[76] *Cunningham v. Christiana Care Health Services, Inc.*, 2021 WL 195037, *2 (Del. Super. Ct. Jan. 20, 2021) (citing *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013)).

law."[77] "Once the movant meets its burden, then the burden shifts to the non-movant to demonstrate sufficiently an existence of one or more genuine issues of material fact."[78] Summary judgment will not be granted if there is a material fact in dispute or if it "seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[79] In considering the motion, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[80] However, the Court shall not "indulge in speculation and conjecture; a motion for summary judgment is decided on the record presented and not on evidence potentially possible."[81]

### b. Summary Judgment is Warranted

Jones complaint may be reasonably interpreted to assert a claim under the DWPA. Specifically, Jones alleges that Navient, upon learning that Jones filed a complaint with the EEOC, engaged in a concerted effort to terminate Jones in violation of 19 *Del.C.* § 1703. The Court finds, as it did in May of 2022, that "the

---

[77] Super. Ct. Civ. R. 56(c).

[78] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 1995 WL 379125, at *2 (Del. June 19, 1995). *See also* Super. Ct. Civ. R. 56(e); *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[79] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

[80] *Nutt v. A.C.&S. Co.*, 517 A.2d 690, 692 (Del. Super. Ct. June 5, 1986).

[81] *In re Asbestos Litigation*, 509 A.2d 1116 (Del. Super. Ct. Apr. 4, 1986), *aff'd sub. nom.*, *Nicolet, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987).

complaint alleges that the primary basis for Jones's termination was his reporting of numerous violations that eventually morphed into an EEOC complaint against Navient."[82]  The question now is whether there is a triable issue of fact.[83]

To establish a *prima facie* case under the DWPA, Jones must demonstrate that (1) he engaged in a protected whistleblowing activity; (2) Navient knew of the protected activity; (3) Jones suffered an adverse employment action; and (4) there is a causal connection between the whistleblowing activity and the adverse action.[84] The DWPA sets forth the five types of protected activity.[85]  Here the Court discerns Jones' complaint to assert Navient retaliated upon him for his reporting what he believed to be a "violation" to a public body[86] or to the employer or to the employee's supervisor.[87]

The DWPA defines a "violation" as an act or omission by an employer, or an agent thereof, that is:

> a. Materially inconsistent with, and a serious deviation from, standards implemented pursuant to a law, rule, or regulation promulgated under the laws of this State, a

---

[82] *Jones*, 2022 WL 2063308, at *7.

[83] *See US Dominion, Inc., v. Fox News Network, LLC,* 2023 WL 2730567, at *17 (Del. Super. Ct. Mar. 31, 2023).

[84] *Addison v. East Side Charter School of Wilmington, Inc.,* 2014 WL 4724895, *3 (Del. Super. Ct. Sept. 19, 2014).

[85] 19 *Del. C.* § 1703.

[86] 19 *Del. C.* § 1703(1).

[87] 19 *Del. C.* § 1703(4).

political subdivision of this State, or the United States, to protect employees or other persons from health, safety, or environmental hazards while on the employer's premises or elsewhere; or

b. Materially inconsistent with, and a serious deviation from, financial management or accounting standards implemented pursuant to a rule or regulation promulgated by the employer or a law, rule, or regulation promulgated under the laws of this State, a political subdivision of this State, or the United States, to protect any person from fraud, deceit, or misappropriation of public or private funds or assets under the control of the employer.[88]

Viewed in the light most favorable to Jones, the record shows that Jones made two reports. First, in the fall of 2019, Jones reported to Navient management that a member of management solicited money from Jones for personal use, a supervisor sabotaged Jones' efforts to receive a commission for his work, and a member of management displayed nude pictures of other employees in the department to Jones.[89] Then, in his May 18, 2020 EEOC complaint, Jones asserted his earlier, fall 2019 claims and added allegations of racial discrimination and retaliation for the protected activity of making the fall 2019 report.[90]

The Court finds Jones has failed to establish a *prima facie* claim under the DWPA. Even assuming, *arguendo*, that Jones engaged in protected whistleblower

---

[88] 19 *Del. C.* § 1702(6).

[89] Navient's Reply Brf. at Exh. 1 (D.I. 56).

[90] *Id.*

23

activity, he must point to record evidence that demonstrates that the "primary basis" for his termination was his reporting a violation.[91] Jones offers no facts to establish retaliatory conduct by Navient.[92] As this Court concluded in *Smith v. Delaware State University,* "even if [plaintiff] can point to some things that vaguely support [his] claim, taken as a whole, those things do not rise to the point where a jury could find that [his] resignation was justified and [his] claims can be proved."[93] So, too, here.

The timing of Jones' termination does not support a causal connection between his reporting and his termination. Jones' November 16, 2020, termination occurred nearly six months after he filed the EEOC complaint on May 18, 2020. This Court has found that two months between a report and an adverse employment action did suggest the causal connection required to support a DWPA claim.[94] Jones points to no evidence of "a pattern of antagonism" which, coupled with the six-month gap, could support a reasonable finding that his termination was causally related to his EEOC Complaint. The same is true for the even more attenuated fall

---

[91] *Addison,* 2014 WL 4724895, at *13.

[92] *See, Smith v. Delaware State University*, 2011 WL 5843625, at *1-2 (Del. Super. Ct. Oct. 24, 2011).

[93] *Id.* at *2.

[94] *See Bateman v. State*, 2020 WL 5890571, at *5 (Del. Super. Ct. Oct. 5, 2020) (finding plaintiff's unpaid suspension occurring just over two months following her complaint to employer's EEO officer was not "unusually suggestive" of a retaliatory motive).

2019 report.  Jones' "subjective personal judgments or beliefs, without more, will not raise a genuine issue of material fact."[95]  Jones' inability to establish a genuine dispute of fact as to the cause of his termination is fatal to his case, and warrants summary judgment in favor of Navient.

Navient's Motion for Summary Judgment under Rule 56 is **GRANTED**.

---

[95] *Boggerty v. Stewart*, 14 A.3d 542, 554 (Del. 2011) (cleaned up).

## IV.    CONCLUSION

The Court does not question Jones' sincere belief that he was wronged by his employer.  For this reason, the Court endeavored to provide Jones a forum to resolve his complaints.  And, based upon his *pro se* status the Court adjusted deadlines to afford Jones the opportunity to meaningfully engage the Court's processes within the contours of Court rules and Court orders.  The Court rescheduled trial once in the hopes of inspiring participation.  But, to no avail.  As the second discovery deadline has passed and the second trial date quickly nears, Jones' inactivity has now impacted Navient's ability to substantively prepare its defense.  And Jones' inactivity has resulted in a factual record devoid of support for his single claim.  For these reasons, the Court dismisses Jones' complaint.

WHEREFORE, Navient's Motions *in limine* are hereby **GRANTED,** Navient's Motion to Grant Defendant's Motions *in limine* as Unopposed is **DENIED,** Navient's Motion to Dismiss for Failure to Prosecute pursuant to Rule 41(b) is **GRANTED** and, alternatively, Navient's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED**, this 25th day of September 2023.

_____
Sean P. Lugg, Judge

26