# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

McKINLEY SIMMONS, SR.,    )
              )
  Plaintiff,       )
              )
  v.          )  C.A. No. N23C-01-010 SPL
              )
ONE STOP TOBACCO OUTLET  )
AND MARKET, LLC.,    )
SHIPRA, LLC., ET AL.,    )
              )
  Defendants.     )

Submitted: March 15, 2024
Decided: March 21, 2024

*Upon Defendant's, One Stop Tobacco Outlet and Market, LLC's
Motion to Dismiss,*
**GRANTED**.[1]

## ORDER

This 21st day of March 2024, upon consideration of Defendant One Stop Tobacco Outlet and Market, LLC's ("One Stop Tobacco") Motion to Dismiss,[2] it appears to the Court that:

1. On January 4, 2023, Simmons filed his complaint in this Court.[3]

---

[1] For the reasons set forth herein, the Court hereby dismisses Simmons' claims against all named defendants.

[2] D.I. 54. By letter dated February 27, 2024, the Court invited Simmons to respond to Defendant's motion by March 15, 2024. Simmons has not responded.

[3] D.I. 1.

Defendant, One Stop Tobacco, answered the complaint on March 3, 2023.[4] On March 9, 2023, the Court entered an order permitting Simmons to amend his complaint[5] and, that same day, he filed an amended complaint adding defendants.[6] As of August 2, 2023, all but one defendant, Jennifer Lee, had been served with, and answered, the amended complaint.

2. On August 2, 2023, citing the development of a conflict, Simmons' counsel moved to withdraw from the case.[7] With no opposition from defendants, the Court permitted counsel to withdraw.[8]

3. On September 27, 2023, One Stop Tobacco moved to compel the production of discovery.[9] At an October 24, 2023, hearing on the motion, Simmons expressed difficulty hearing questions and comments directed to him from the Court. The Court rescheduled the hearing to January 10, 2024,[10] and followed up with written correspondence to Simmons.[11] The Court requested Simmons follow through with scheduled medical appointments to address his hearing, inform the

---

[4] D.I. 5.

[5] D.I. 7.

[6] D.I. 8.

[7] D.I. 35.

[8] D.I. 38.

[9] D.I. 40.

[10] D.I. 46.

[11] D.I. 47.

Court whether he will continue to represent himself, and provide a status update with respect to his discovery obligations.[12]

4.     On January 10, 2024, the Court granted One Stop Tobacco's motion to compel and directed Simmons to respond to discovery by February 23, 2024 and imposed a series of pre-trial deadlines for the parties.[13]  In addition to issuing an updated trial scheduling order,[14] the Court issued a letter to the parties to provide a summary of the January 10 hearing during which time the court "informed Mr. Simmons that his case could be dismissed if he fails to actively prosecute the matter and adhere to the various scheduled deadlines."[15]

5.     On February 26, 2024, One Stop Tobacco filed the Motion to Dismiss presently before the Court.[16]  Simmons has taken no action since the January 10, 2024, hearing and declined to respond to defendant's motion at the Court's invitation.[17]

6.     "For failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court a defendant may move for dismissal of an action or any claim

---

[12] *Id.*

[13] D.I. 49.

[14] D.I. 50.

[15] D.I. 51.

[16] D.I. 54.

[17] D.I. 55.

against the defendant."[18]  The Superior Court has discretion in imposing a sanction for a party's failure to follow a scheduling order or comply with Court procedure.[19] The Court is mindful that "[t]he sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort."[20]  Where the motion is filed against a *pro se* plaintiff, the Court will generally afford some leniency.  However, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff."[21]  "The Court will accommodate *pro se* litigants only to the extent that such leniency does not affect the substantive rights of the parties."[22]  The Court has endeavored to accommodate Simmons within these parameters.

7.  "The duty to diligently prosecute a case falls upon the plaintiff, not the court."[23]  Litigants, whether represented by counsel or appearing *pro se*, "must

---

[18] Super. Ct. R. Civ. P. 41(b).

[19] *Drejka v. Hitchens Tire Service Inc.,* 15 A.3d 1221, 1224 (Del. 2010).

[20] *Id.* (quoting *Hoag v. Amex Assurance Co.,* 953 A.2d 719, 717 (Del. 2008)).

[21] *Draper*, 767 A.2d at 799.

[22] *Maddox v. Isaacs*, 2013 WL 2297030, at *2 (Del. Super. Ct. May 7, 2013) (cleaned up).

[23] *Alston v. Maahs*, 2019 WL 1220932, at *2 (Del. Mar. 14, 2018) (affirming the Superior Court's *sua sponte* dismissal of a *pro se* plaintiff's complaint for lack of prosecution).

diligently prepare their cases for trial or risk dismissal for failure to prosecute."[24]

Delaware Courts consider the following factors when deciding whether to dismiss a case under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[25]

8.      Applying the *Drejka* factors to this case, the Court finds that dismissal is warranted.  First, Simmons chose to represent himself in these proceedings; thus, the failure to prosecute rests on him alone.  Second, Simmons' failures to comply with the trial scheduling orders and this Court's procedural rules denied defendants the ability to prepare their defense.  Third, Simmons has simply not pursued his case; while he may no longer wish to pursue his claims, within the contours of the *Drejka* factors, his lack of participation evidences a pattern of dilatoriness.  Fourth, while the Court does not find that Simmons engaged in bad faith in his pursuit of his claim, he has chosen not to participate.  Fifth, there is no suitable alternative option here; the Court has rescheduled discovery deadlines in the expectation that Simmons

---

[24] *Plantz v. Wal-Mart Stores East LP*, 2019 WL 112756, *1 (Del. Super. Ct. Jan. 4, 2019) (quoting *Draper*, 767 A.2d at 799).

[25] *Drejka*, 15 A.3d at 1224 (quoting *Minna v. Energy Coal S.p.A,* 984 A.2d 1210, 1215 (Del. 2009)).

would engage in the prosecution of his claims. He did not. "[I]t [is] clear that lesser sanctions would not have induced compliance."[26] Sixth, because Simmons has chosen not to participate in the pursuit of his claims, defendants are not able to assert a defense and the Court is thus unable to assess whether any claims or possible defenses have merit.

9.    "The Delaware Supreme Court has held that dismissal may be warranted under the *Drejka* factors where the court has repeatedly instructed plaintiff on what to do and that failure to comply with any instructions could result in dismissal."[27] While this Court maintains a "strong policy in favor of deciding cases on the merits,"[28] this Court's application of the factors identified in *Drejka* lead it to the inescapable conclusion that Simmons' case must be dismissed.

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge

oc:    Prothonotary
Cc:    Counsel of Record *via* File & ServeXpress
         McKinley Simmons

---

[26] *Adams v. Aidoo*, 58 A.3d 410, 412 (Del. 2013).

[27] *Id.* at *3 (citing *Adams*, 58 A.3d at 412).

[28] *Cunningham v. Christiana Care Health Services, Inc.*, 2021 WL 195037, *2 (Del. Super. Ct. Jan. 20, 2021) (citing *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013)).