# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CARLOS A. NUNEZ, )
 )
 Plaintiff, )
 )
 v. ) C.A. No. N23C-02-011 SPL
 )
LA'CHANDA AKERS, M.D., and )
FAMILY DENTAL CENTER )
 )
 Defendants. )

Submitted: September 18, 2025
Decided: September 19, 2025

## ORDER

This 19th day of September 2025, upon consideration of Defendant La'Chanda Akers, M.D. ("Dr. Akers") Motion for Summary Judgment,[1] in which Defendant Family Dental Center joined,[2] and the parties' oral arguments, it appears to the Court that:

---

[1] D.I. 45 ("Akers' Mot.").

[2] D.I. 48.  On July 10, 2025, Family Dental Center filed a separate Motion for Summary Judgment in which it alleges Nunez's complaint should be dismissed for failing to comply with the applicable statute of limitations.  D.I. 64.  A judge of this Court had previously denied a similar motion on the basis that Nunez, a self-represented litigant, may have been confused by information offered by Court staff. Because the Court grants summary judgment for failing to proffer requisite expert testimony, the Court declines to address Family Dental Center's alternative basis for dismissal.

## BACKGROUND

1.     Nunez contends that, on February 6, 2021, during a dental appointment at Family Dental Center, he was informed of multiple cavities and that Dr. Akers was "going to fix them."[3]   Nunez asserts that he received multiple injections in preparation for the procedure and that the injections left him with "permanent pain behind [his] left eye and pain going across from [the] left to right side of [his] brain."[4] He explains that Dr. Akers noticed his distress, directed the staff response, but "never checked up on [him] to see how [he] was doing."[5]

2.     On February 2, 2023, Nunez filed a complaint against Akers, alleging her negligent treatment of him caused his injuries; he demanded three million dollars in damages.[6]   On March 1, 2023, Nunez amended his complaint to include Family Dental Center, but maintained the factual allegations set forth in his original complaint.[7]

3.     On May 24, 2024, this Court issued a Trial Scheduling Order ("TSO"), directing Nunez to submit his expert report or Rule 26(b)(4) disclosure by December

---

[3] D.I. 8 ("Am. Compl.").

[4] *Id.*

[5] *Id.*

[6] D.I. 1. ("Compl.")

[7] Am. Compl.

3, 2024.[8]  Nunez did not submit an expert report or Rule 26(b)(4) disclosure by that date.

4.    On December 12, 2024, Dr. Akers moved for summary judgment.[9] Akers contends that because the TSO required Nunez "to identify his expert witness no later than December 3, 2024," and Nunez "did not identify any expert witness by that date," summary judgment was warranted.[10]  Family Dental Center joined this motion.[11]

5.    On December 18, 2024, six days after Dr. Akers moved for summary judgment, Nunez requested additional time to produce his expert report because his doctor "was ill and wasn't able to send [the] report."[12]

6.    On February 6, 2025, Nunez filed a January 3, 2025, letter from Dr. Carl R. Yacoub, MD, which stated in full:

> I am the treating neurologist for Mr. Nunez who was first seen in our office on January 26, 2023.  He was diagnosed with atypical trigeminal neuralgia for severe pain and headache which he informed me was due to dental procedure which predates my first visit with him.  He has had unremitting pain despite multiple interventions.

---

[8] D.I. 36.

[9] *See* Akers' Mot.

[10] Akers' Mot. ¶¶ 2-3.

[11] D.I. 48.

[12] D.I. 46.

As a result of his atypical facial pain and headache he has been unable to pursue his usual employment and has suffered severe loss of quality of life.

His most recent visit to our office was on November 21, 2024. At that visit it was apparent that he has ongoing severe atypical facial pain and headache which on exam seems to be attributed to trauma to the trigeminal nerve complex.

Please do not hesitate to contact me should you require further information from this office.[13]

7.      On February 24, 2025, the Court convened the parties to discuss the status of the case.[14] Among other things, the Court addressed Nunez's request for additional time to provide an expert report.[15] The Court adjusted the TSO deadline of December 3, 2024, and allowed Nunez until April 4, 2025, to submit his expert report or Rule 26(b)(4) disclosure.[16]

8.      On April 9, 2025, five days after Nunez's expert report was due, Akers renewed her motion for summary judgment, noting that Nunez still had "not filed an Expert Report."[17] Nunez has not submitted an expert report or Rule 26 disclosure.

---

[13] D.I. 52.

[14] D.I. 55.

[15] *Id*.

[16] *Id*. The Judicial Action Form also notes April 4, 2025, as the date by which Nunez must provide an affidavit of merit. After the hearing, defense counsel candidly informed the Court that "the medical malpractice statute explicitly excludes providers practicing dentistry or dental hygiene." D.I. 56. Counsel represented that, for this reason, an affidavit of merit is not required.

[17] D.I. 60.

At oral argument on Akers' motion, he maintained that he did not need to submit any information beyond Dr. Yacoub's letter.[18]

## STANDARD OF REVIEW

9.     Under Superior Court Civil Rule 56, summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[19] On a motion for summary judgment, this Court "(i) construes the record in the light most favorable to the non-moving party; (ii) detects, but does not decide, genuine issues of material fact; and (iii) denies the motion if a material fact is in dispute."[20] Where a plaintiff fails to produce an expert report establishing a causal connection between an incident and the plaintiff's alleged injuries, summary judgment is appropriate.[21] Summary judgment will not be granted where there exists a material fact in dispute or if it "seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[22]

---

[18] D.I. 63.

[19] Super. Ct. Civ. R. 56(c).

[20] *US Dominion, Inc. v. Fox News Network, LLC,* 2023 WL 2730567, at *17 (Del. Super. Ct. Mar. 31, 2023) (quoting *CVR Refin., LP v. XL Specialty Ins. Co.*, 2021 WL 5492671, at *8 (Del. Super. Ct. Nov. 23, 2021) (cleaned up)).

[21] *Rayfield v. Power*, 2003 WL 22873037 (Del. Super. Ct. Dec. 2, 2003).

[22] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

## ANALYSIS

10. Nunez has elected to represent himself in this case.[23] While this Court affords some leeway to self-represented litigants, "there is no different set of rules for *pro-se* plaintiffs."[24] The Court recognizes the challenges faced by *pro se* litigants, but it cannot "sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff"[25] or impair "the substantive rights of those parties involved in the case at bar"[26] to save claims which plainly have no merit.

11. The Court has endeavored to afford Nunez the opportunity to make his case. Mindful of his self-representation, the Court adjusted the trial scheduling order to allow him several additional months to produce necessary medical documents, yet there is only so much the Court can do. It is against this procedural backdrop that the Court assesses the motion for summary judgment.

12. Defendants assert that, in the more than two years since filing his lawsuit, Nunez "has not identified any expert on the issue of whether [Akers]

---

[23] D.I. 8.

[24] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Ct. Aug. 15, 2011) (quoting *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001)).

[25] *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 15, 2015) (quoting *Draper*, 767 A.2d at 799); *see also, Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) (cleaned up) ("[S]elf representation is not a blank check for defect.").

[26] *Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002).

satisfied the standard of care when treating [Nunez]."[27]  She argues that Nunez's "failure to identify an expert . . . necessitates dismissal."[28]

13.   "In order to prevail in a negligence action, a plaintiff must show by a preponderance of the evidence, that a defendant's negligent act or omission breached a duty of care owed to plaintiff in a way that proximately caused the plaintiff injury."[29]  While issues of negligence are generally not decided in summary judgment, "this does not mean that summary judgment is never appropriate in negligence actions."[30]  Such is the case here.

14.   To survive Defendants' motion for summary judgment, Nunez must "adequately establish all the elements essential to [his] case that [he] would have the burden of proving at trial."[31]  "With a claim for bodily injuries, the causal connection between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by the direct testimony of a competent medical expert."[32]  Where, as

---

[27] Akers' Mot. at ¶ 5.

[28] Akers' Mot. at ¶ 7.

[29] *Duphily v. Delaware Elec. Co-op., Inc.,* 662 A.2d 821, 828 (Del. 1995) (citing *Culver v. Bennett*, 588 A.2d 1094, 1096-97 (Del. 1991)).

[30] *Gibson v. Metropolitan Group Property and Casualty Insurance Co.,* 2017 WL 5606714, at *2 (cleaned up).

[31] *Rayfield*, 2003 WL 22873037, at *1 (citing *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986))).

[32] *Rayfield*, 2003 WL 22873037, at *1 (citing *Money v. Manville Corp.,* 596 A.2d 1372, 1376-77 (Del. 1991)).

here, the plaintiff fails to produce an expert report establishing a causal connection between an accident and the plaintiff's alleged injuries, summary judgment is appropriate.[33]

15.    To assess whether Dr. Yacoub's letter constitutes an expert disclosure, this Court is guided by Rule 26(b)(4)(A)(i), which provides,

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.[34]

This rule requires expert disclosures "so that the opposing party can properly prepare for depositions and trial."[35]  It is, of course, unreasonable for opposing counsel to conduct a futile deposition or cross-examination of an expert "without the benefit of having the opinions and medical or scientific reasoning" behind those opinions.[36]

16.    Although there exists no precise formula to assess the contents of an expert disclosure, Rule 26(b)(4)(A)(i) requires disclosure of "the *identity* of the

---

[33] *See, e.g., Rayfield,* 2003 WL 22873037, at *1; *Manuel v. Wescott,* 2020 WL 4464530, at *2 (Del. Super. Ct. Aug. 3, 2020); *Wing v. Bichaco,* 2014 WL 6675037, at *3 (Del. Super. Ct. Oct. 30, 2014); *Sluss v. Davis*, 2006 WL 2846387, at *2 (Del. Super. Ct. Oct. 4, 2006).

[34] Super. Ct. Civ. R. 26(b)(4)(A)(i).

[35] *Sammons v. Doctors for Emergency Servs, P.A.*, 913 A.2d 519, 530 (Del. 2006).

[36] *Sammons*, 913 A.2d at 529 (quoting *Duncan v. Newton & Sons Co.,* 2006 WL 2329378 (Del. Super. Ct. July 27, 2006)).

expert, his/her *opinion*, and the *bases* for those opinions."[37]  Of course, where no expert disclosure is made, summary judgment may properly be granted.[38]

17.  In his letter, Dr. Yacoub discusses Nunez's diagnosis and identifies himself as one of Nunez's treating physicians.[39]  The letter does not forge the causal connection between the February 6, 2021, dental procedure and Nunez's injuries.[40]  Dr. Yacoub's letter fails to address an essential element of Nunez's claim—that Akers and Family Dental Center were negligent.  Rather, to guide his treatment of Nunez, Dr. Yacoub relied on Nunez's report that his "atypical trigeminal neuralgia . . . was due to dental procedure which predates [his] first visit with [Dr. Yacoub]."[41]  Dr. Yacoub offers no opinion on the cause of Nunez's injury.  For this reason alone, summary judgment is warranted.

18.  The Superior Court has discretion in addressing a party's failure to follow a scheduling order or comply with Court procedure.[42]  "The duty to diligently

---

[37] *Winn v. Clements*, 2017 WL 780878, at *4 (Del. Super. Ct. Feb. 27, 2017) (emphasis in original).

[38] *See, e.g., Newton v. Schoeneberger*, 2024 WL 1480568, at *2 (Del. Super. Ct. Apr. 5, 2024); *Manuel*, 2020 WL 4464530, at *1; *Wing*, 2014 WL 6675037, at *1; *Cann v. Dunner*, 2008 WL 5048425, at *1 (Del. Super. Ct. Nov. 13, 2008); *Duncan,* 2006 WL 2329378, at *1.

[39] D.I. 51.

[40] D.I. 51.

[41] D.I. 52.

[42] *Drejka v. Hitchens Tire Service, Inc.*, 15 A.3d 1221, 1224 (Del. 2010).

prosecute a case falls upon the plaintiff, not the court."[43]   Litigants, whether represented by counsel or appearing *pro se*, "must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[44]   Delaware Courts consider the following factors when deciding whether to dismiss a case under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[45]

19.    Applying these factors here, the Court finds that dismissal is warranted. First, Nunez chose to represent himself in these proceedings; thus, the failure to prosecute rests on him alone.  Cognizant of Nunez's *pro se* status, the Court afforded him ample opportunity to pursue his claims, yet he chose not to meaningfully develop his case despite the Court's deadline extensions.  Second, Nunez's failure to comply with the trial scheduling order has prejudiced the defendants' ability to prepare a defense.  Nunez has failed to provide any expert opinion linking his injuries

---

[43] *Alston v. Maahs,* 2019 WL 1220932, at *2 (Del. Mar. 15, 2018) (affirming the Superior Court's *sua sponte* dismissal of a *pro se* plaintiff's complaint for lack of prosecution).

[44] *Plantz v. Wal-Mart Stores East LP*, 2019 WL 112756, at *1 (Del. Super. Ct. Jan. 4, 2019) (quoting *Draper*, 767 A.2d at 799).

[45] *Drejka*, 15 A.3d at 1224 (quoting *Minna v. Energy Coal S.p.A,* 984 A.2d 1210, 1215 (Del. 2009)).

to the 2021 dental procedure. Third, Nunez's failure to adhere to the Court's scheduling evidences a degree of dilatoriness. The Court does not find that Nunez sought to cause delay; rather, he simply declined to secure a medical causation expert, which the Court informed him was a necessary component of his case. Fourth, while the Court does not find that Nunez engaged in bad faith in pursuit of his claim, he chose not to abide by this Court orders. Fifth, there is no suitable alternative option here; the Court has already rescheduled discovery deadlines in the expectation that Nunez would engage a medical expert, yet he did not. Sixth, as evidenced by the Court's summary judgment discussion above, Nunez has not produced medical evidence in support of his claim and, thus, has failed to provide merit to his claim.

20. "The Delaware Supreme Court has held that dismissal may be warranted under the *Drejka* factors where the court has repeatedly instructed plaintiff on what to do and that failure to comply with any instructions could result in dismissal."[46] Such is the case here. While this Court maintains a "strong policy

---

[46] *See Greene v. Allstate Insurance Company*, 2017 WL 5606631, at *3 (Del. Super. Ct. Nov. 9, 2017) (citing *Adams v. Aidoo*, 58 A.3d 410, 412 (Del. 2013)).

in favor of deciding cases on the merits,"[47] this Court's application of the factors identified in *Drejka* lead it to conclude that Nunez's case must be dismissed.

## CONCLUSION

Defendants' Motion for Summary Judgment is **GRANTED** and Nunez's complaint is **DISMISSED**.

SO ORDERED

Sean P. Lugg, Judge

---

[47] *Cunningham v. Christiana Care Health Services, Inc.*, 2021 WL 195037, at *2 (Del. Super. Ct. Jan. 20, 2021) (citing *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013)).