**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

CASSANDRA NEWTON,      )
                                         )
      Plaintiff,          )
                                         )
          v.          )   C.A. No. N21C-04-141 SPL
                                         )
MORGAN L. SCHOENEBERGER,  )
                                         )
      Defendant.     )
                                         )

## ORDER

This 5th day of April 2024, upon consideration of Defendant Morgan L. Schoeneberger's ("Schoeneberger") Motion for Summary Judgment[1] and her Supplement,[2] and having received no response from Plaintiff, Cassandra Newton ("Newton"),[3] it appears to the Court that:

## BACKGROUND

1.     On June 19, 2019, automobiles driven by Newton and Schoeneberger collided. Newton alleged she "was the driver of a motor vehicle when it was violently struck across the front on Westbound Martin Luther King Jr. Memorial Highway, at the intersection of North Market Street and Frontage Road, in the City

---

[1] D.I. 25.

[2] D.I. 29.

[3] Despite the Court's invitations, (D.I. 26, 27, 27), Newton declined to respond to any of Schoeneberger's pleadings seeking summary judgment.

of Wilmington, by a motor vehicle driven by [Schoeneberger]."[4] Schoeneberger denied Newton's description of the collision, but "admitted that an accident involving vehicles operated by the parties occurred on the date stated."[5]

2. On April 21, 2021, Newton, represented by counsel, filed a complaint alleging Schoeneberger's negligence proximately caused Newton's property damage and physical injury.[6]

3. On November 23, 2022, Newton's counsel moved to withdraw.[7] The Court granted the motion on December 19, 2022, and afforded Newton "60 days to seek new counsel or file on the record as *pro se* with the Court."[8] On January 9, 2023, Newton informed the Court that she "will be representing [herself] in all future matters in relation to this case" and provided her physical address and e-mail address for future correspondence.[9]

4. On June 1, 2023, and July 6, 2023, the Court convened the parties to discuss the status of the case.[10] Among other things, the Court addressed Newton's

---

[4] D.I. 1 ("Compl.") ¶ 3.

[5] D.I. 4 ("Ans.") ¶ 3.

[6] Compl. ¶¶ 5- 7.

[7] D.I. 11.

[8] D.I. 14, 15.

[9] D.I. 16.

[10] D.I. 19, 24.

responsibilities as a self-represented litigant. During the July 6 conference, the Court adjusted various deadlines to allow Newton to meet her discovery obligations, including the provision of medical records and expert opinions.

5. The docket evidences no discovery activity following the July 6 conference. Schoeneberger moved for summary judgment on November 30, 2023.[11] On January 8, 2024, the Court informed the parties that it intended to decide Schoeneberger's motion on the pleadings and invited Newton to "file any opposition to [Schoeneberger's] Motion by no later than February 2, 2024."[12] To ensure all allegations of Newton's complaint were addressed and to provide Newton ample opportunity to pursue her claims, the Court directed the parties to submit supplemental argument by March 29, 2024.[13] Newton has not responded.

**STANDARD OF REVIEW**

6. Under Superior Court Civil Rule 56, summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14]

---

[11] D.I. 25.

[12] D.I. 26.

[13] D.I. 28.

[14] Super. Ct. Civ. R. 56(c).

On a motion for summary judgment, this Court "(i) construes the record in the light most favorable to the non-moving party; (ii) detects, but does not decide, genuine issues of material fact; and (iii) denies the motion if a material fact is in dispute."[15] The moving party bears the initial burden of demonstrating that the undisputed facts support claims or defenses.[16] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[17]

## ANALYSIS

7.    Over a year ago, Newton affirmatively chose to represent herself in this case.[18] While this court affords some leeway to self-represented litigants, "there is no different set of rules for *pro-se* plaintiffs."[19] The Court recognizes the challenges faced by *pro se* litigants, but it cannot "sacrifice the orderly and efficient

---

[15] *US Dominion, Inc. v. Fox News Network, LLC,* 2023 WL 2730567, at *17 (Del. Super. Ct. Mar. 31, 2023) (quoting *CVR Refin., LP v. XL Specialty Ins. Co.*, 2021 WL 5492671, at *8 (Del. Super. Ct. Nov. 23, 2021) (cleaned up)).

[16] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole v. Lowengrub*, 180 A.2d 467 (Del. Super. Ct. 1962)).

[17] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).

[18] D.I. 16.

[19] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Ct. Aug. 15, 2011) (quoting *Draper v. Med. Ctr. of Del.,* 767 A.2d 796, 799 (Del. 2001)).

4

administration of justice to accommodate the unrepresented plaintiff"[20] or impair "the substantive rights of those parties involved in the case at bar"[21] to save claims which plainly have no merit. This Court has endeavored to afford Newton every opportunity to make her case, yet she has failed to do so. The Court, mindful of Newton's self-representation, adjusted the trial scheduling order to allow her to produce necessary medical documents, yet there is only so much the Court can do. It is against this procedural backdrop that the Court assessed Schoeneberger's motion.

### A. Schoeneberger's Motion for Summary Judgment

8. Schoeneberger asserts that, in the three years since filing this lawsuit, Newton has not produced any medical expert opinion "concerning formal diagnoses, causal relationship to this accident, prognoses, analysis of prior conditions, permanence, need for further treatment, or any other aspect of competent medical testimony to support [her] injury claim."[22] She argues that, because expert testimony must be offered to establish a causal link between Newton's injuries and the

---

[20] *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 15, 2015) (quoting *Draper*, 767 A.2d at 799); *see also, Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) (cleaned up) ("[S]elf representation is not a blank check for defect.").

[21] *Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002).

[22] Mot. at ¶ 11.

accident, Newton "lacks an essential element of her case and, as a matter of law, [Schoeneberger] is entitled to summary judgment."[23] Newton offers no response.

9. "In order to prevail in a negligence action, a plaintiff must show by a preponderance of the evidence, that a defendant's negligent act or omission breached a duty of care owed to plaintiff in a way that proximately caused the plaintiff injury."[24] While issues of negligence are generally not decided in summary judgment, "this does not mean that summary judgment is never appropriate in negligence actions."[25] Such is the case here.

10. To survive a motion for summary judgment, a plaintiff must "adequately establish all the elements essential to their case that they would have the burden of proving at trial."[26] "With a claim for bodily injuries, the causal connection between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by the direct testimony of a competent medical expert."[27] Where, as

---

[23] *Id.* at ¶¶ 12, 17.

[24] *Duphily v. Delaware Elec. Co-op., Inc.,* 662 A.2d 821, 828 (Del. 1995) (citing *Culver v. Bennett*, 588 A.2d 1094, 1096-97 (Del. 1991)).

[25] *Gibson v. Metropolitan Group Property and Casualty Insurance Co.,* 2017 WL 5606714, at *2 (cleaned up).

[26] *Rayfield v. Power*, 2003 WL 22873037, at *1 (Del. Dec. 2, 2003) (citing *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986))).

[27] *Rayfield*, 2003 WL 22873037, at *1 (citing *Money v. Manville Corp.,* 596 A.2d 1372, 1376-77 (Del. 1991)).

here, the plaintiff fails to identify an expert witness or produce an expert report establishing a causal connection between an accident and the plaintiff's alleged injuries, summary judgment is appropriate.[28]

11.    The Court finds that Newton has neither identified an expert nor produced an expert report as required to forge the causal connection between the June 19, 2019, collision and her injuries.  Thus, she cannot prove an essential element of her claim and summary judgment in favor of Schoeneberger is warranted.

### B. Newton's Failure to Prosecute Her Claims

12.    While an expert medical opinion is not required to establish the accident caused the alleged damage to her vehicle, the Superior Court has discretion in imposing a sanction for a party's failure to follow a scheduling order or comply with Court procedure.[29]  "The sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort."[30]

---

[28] *See, e.g., Rayfield,* 2003 WL 22873037, at *1; *Manuel v. Wescott,* 2020 WL 4464530, at *2 (Del. Super. Ct. Aug. 3, 2020); *Wing v. Bichaco,* 2014 WL 6675037, at *3 (Del. Super. Ct. Oct. 30, 2014); *Sluss v. Davis*, 2006 WL 2846387, at *2 (Del. Super. Ct. Oct. 4, 2006).

[29] *Drejka v. Hitchens Tire Service, Inc*., 15 A.3d 1221, 1224 (Del. 2010).

[30] *Id.* (quoting *Hoag v. Amex Assurance Co.,* 953 A.2d 719, 717 (Del. 2006)).

13. "The duty to diligently prosecute a case falls upon the plaintiff, not the court."[31] Litigants, whether represented by counsel or appearing *pro se*, "must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[32] Delaware Courts consider the following factors when deciding whether to dismiss a case under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[33]

14. Applying the *Drejka* factors to this case, the Court finds that dismissal is warranted. First, Newton chose to represent herself in these proceedings; thus, the failure to prosecute rests on her alone. Cognizant of Newton's *pro se* status, the Court afforded her ample opportunity to pursue her claims, yet she chose not to meaningfully participate in the discovery process despite the Court's repeated encouragement. Second, Newton's failures to comply with the trial scheduling order

---

[31] *Alston v. Maahs,* 2019 WL 1220932, at *2 (Del. Mar. 15, 2018) (affirming the Superior Court's *sua sponte* dismissal of a *pro se* plaintiff's complaint for lack of prosecution).

[32] *Plantz v. Wal-Mart Stores East LP*, 2019 WL 112756, at *1 (Del. Super. Ct. Jan. 4, 2019) (quoting *Draper*, 767 A.2d at 799).

[33] *Drejka*, 15 A.3d at 1224 (quoting *Minna v. Energy Coal S.p.A,* 984 A.2d 1210, 1215 (Del. 2009)).

8

has prejudiced Schoeneberger's ability to prepare a defense. Third, Newton's failure to adhere to the Court's scheduling order or reply to inquiries from the Court evidence a pattern of dilatoriness. Fourth, while the Court does not find that Newton engaged in bad faith in her pursuit of her claim, she chose not to participate. Fifth, there is no suitable alternative option here; the Court has already rescheduled discovery deadlines in the expectation that Newton would engage in the prosecution of her claims, yet she did not. Sixth, as evidenced by the Court's summary judgment discussion above, Newton has not produced evidence in support of her claims.

15. "The Delaware Supreme Court has held that dismissal may be warranted under the *Drejka* factors where the court has repeatedly instructed plaintiff on what to do and that failure to comply with any instructions could result in dismissal."[34] While this Court maintains a "strong policy in favor of deciding cases on the merits,"[35] this Court's application of the factors identified in *Drejka* lead it to conclude that, to the extent that any of her claims survive the Court's grant of summary judgment, Newton's case must be dismissed.

---

[34] *See Greene v. Allstate Insurance Company*, 2017 WL 5606631, at \*3 (Del. Super. Ct. Nov. 9, 2017) (citing *Adams v. Aidoo*, 58 A.3d 410, 412 (Del. 2013)).

[35] *Cunningham v. Christiana Care Health Services, Inc.*, 2021 WL 195037, at \*2 (Del. Super. Ct. Jan. 20, 2021) (citing *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013)).

## CONCLUSION

Schoeneberger's Motion for Summary Judgment is **GRANTED**.  This case is

hereby **DISMISSED WITH PREJUDICE.**

                                           **IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge